JAVELL FOX 12B1626

FISHKILL CORRECTIONAL FAC

BOX 1245

BEACON N.Y 12508

RECEIVED
2023 MAR -2 AM 8:32
U.S. COURT OF APPEALS

February 28 2023

FOX V Lee et al 22-2916

Dear SEcond circuit court of Appeals clerk.

Enclosed please find Brief and Appendix for Appeal, I am indigent and am currently in special Housing unit confinement, I have no access to the law library and making legal copies at this point is nearly impossible.

Can you please serve a copie of Appendix and brief on the defendants and I am unable to get a copie of district court Judges order, I only can get the magistrate Judges order please excuse me.

# 22 - 2916

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT



JAVELL FOX,
Plaintiff - Appellant

V.

SUPERINTENDANT LEE et al
Defendants - Appellees

On Appeal From the United States District court
for the Northern District of NEWYORK

Brief of Appellant JAVELL FOX

Javell Fox, Pro-se
Fishkill correctional facility
BOX 1246
Beacon N.Y 12508

# TABLE OF CONTENTS

Table of Contents . . . . . . . . . . . . . . . . 2

Table of Authorities . . . . . . . . . . . . . 3, 4

Statutes & Rules . . . . . . . . . . . . . . . . 5-7, 48, 109

Statement of Subject Matter and Appellate Jurisdiction . . . . . . . . . . . . . . . . . . . 5

Statement of the Issues presented for ~~Review~~ Review . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . 7

Statement of the Facts . . . . . . . . . . . . . 8-46

Summary of the Argument . . . . . . . . . . . 48

Argument . . . . . . . . . . . . . . . . . . . . 49-105

Conclusion . . . . . . . . . . . . . . . . . . . 106-108

Certificate of Compliance . . . . . . . . . . . 109

Certificate of Service . . . . . . . . . . . . . 110

Gaston v Litscher 249 F.3d 156 (2d cir 2001)

Scher v Engelke 943 F.2d 921, 923-24 (8th cir 1991)

Thornburgh v Abbott 109 S.Ct. 1874

Trujillo v williams 465 F.3d 1210 (10th cir 2006)

Morange v Fontenot 879 F.supp. 679 (C.D. Tex 1995)

Procunier v Martinez 94 S.Ct. 1800

Shannon v venetozzi 670 Fed. Appx 29 (2d cir 2016)

crawford v cuomo 796 F.3d 257, 254, 257 (2d cir 2015)

Sims v Artuz 230 F.3d 14 (2d cir 2000)

Hooker V fournier 29 Fed. Appx. 641 (2d cir 2002)

Sira v Morton 380 F.3d 57 (2d cir 2004)

swift v Lewis 901 F.2d 730 (9th cir 1990)

Benjamin v Coughlin 905 F.2d 571 (2d cir 1990)

wright v coughlin 31 F.supp 2d 301 (1988) vacated
225 F.3d 647

Africa V Commonwealth of Pennsylvania 662 F.2d 1025 (3d cir 1981)

Ho Ah Kow V Nunan 12. F. Cas. 252 No 6546 (c-c,o Cal 1879)

O'lone V Estate of Shabazz, 482 u.s 342 (1987)

lemon v kurtzman 403 u.s 602 (1971)

Davis v Goord 320 F.2d 346 (2d cir 2003)

Groseclose V Dulton 594 F.3d 949

Rhodes V Chapman 452 u.s. 337

Trop V Dulles 356 u.s 86, (1958)

Farmer v Brennen 511 u.s 825

RULES

FRAP (28 (a)(4) . . . . . . . . . . . .

STATEMENT OF SUBJECT MATTER

AND APPELLATE JURISDICTION

(A) Appellee brought a civil action
Pursuant to 42 U.S.C 1983 in the
Northern District court for New york.
Stating 1st, 4th 8th and 14th
Amendment Violations of United States
constitution of America, on or around
April 2015,

(B) Summary Judgement was granted
to Defendants for Appellees Alledged
failure to exhaust his Administrative
remedies. Defendants lied to the court
in there Motion in order to get that
Summary Judgement Motion Granted.
because its a civil Rights issue the
court of Appeals have Jurisdiction to
hear the Appeal As well As it arrived
from a NewYork state facility

5

and Defendant acted out of color of State law.

(C) Appellee filed this appeal by dropping it in a facility Mailbox on or around February 28, 2023

(D) The Appeal is from a final Judgement of october 26, 2022 that disposed all claims with respect to All parties. Sexual Harassment claims against C.O Cruz on or around february 2015 and March 2015 were Decided in Appellees favor at a Jury Trial that ended on october 26, 2015 All other claims were disposed with respect to All other parties

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The issues for review are primarily
Descrimination issues, that violated
Appellees Sincerely held Religious belief
by punishing him for wearing his religious
hairstyle subjecting him to assaults,
Sexual touching of officers and even
when he was awarded a restraining order
C.o.s and officials violated that

6

## STATEMENT OF THE CASE

This case is a Civil rights Violation Pursuant to 42 U.S.C 1983 on April 2, 2015

Appeal is being Taken from a Judgement in fox v lee et al 15-CV-390 for a Denial of second Amended Complaint or around May 2018, Denial of Motion of contempt by Correction official Violating Court order this was Denied on or around February 2019, and Motion for Summary Judgement in part granted to defendants for exhaustion issues only granted November 2019, and Appellee was granted Damages award by Preponderance of the evidence and case was Disposed of by Hon senior District Court Judge Thomas J. McAvoy

7

# FACTS

1    On or around November 7, 2014 Lt Madison told plantiff to cut his hair because it is shaved on the sides and dreadlocked in a Mohawk style. Plantiff refused to cut his hair. *Appellee* ~~plantiff~~ has a right to the freedom of expression and a freedom to exercise his religion. *Appellee* ~~plantiffs~~ Hairstyle is a religious symbol, that signifies wisdom, and is protected by the first Amendment to the united states constitution and the Religious Land use and Institutionalized persons Act of 2000 as well as the 14th Amendment equal protection. Correction law 112 and 610 as well as Lt Madisons employee Manuel directs his to respect the constitution and laws, no rules or regulations shall conflict with said Amendments and statutes.

2    *Appellee* ~~plantiff~~ was written a misbehavior report by officer Skied (who was Directed to do so by Lt Madison) on November 9, 2014.

I I I I I I I. PLANTIFF DENIED THE ACCESS TO
THE COURT BY DEFENDANTS ........... 65

I I I I I I I I. EIGHTH AMENDMENT EXCESSIVE
FORCE CLAIM AND SEXUAL HARASS-
MENT CLAIM AGAINST DEFENDANT .. 68

I I I I I I I I I. FOURTEENTH AMENDMENT DUE
PROCESS CLAIMS AGAINST DEFEN-
DANTS ....................... 76

I I I I I I I I I I. SUPERVISORY CLAIMS AGAINST
DEFENDANTS ................. 78

Conclusion ........................... 81

3, ON the report plantiff [Appellee] was charged with refusing direct order to cut his hair or change his hairstyle,

4, on or around November 11, 2014 plan- [Appellee] tiff was Found not guilty of refusing Direct order to cut his hair, hearing officer Lt Simmons acknowledged at that time that the charge was unconstitutional and that plantiff [Appellee] had a right to exercise his Religion and a Freedom of expression, equal protection of the law and Religious rights under the Religious land use and institutionalized persons act of 2000.

5, on November 29, 2014 Lt madison complained to officer cruz about Lt simmons decision as the Hearing officer for the misbehavior report mentioned in paragraph 2 and delision mentioned in paragraph 4. officer cruz stated that when he see plantiff he's gonna write plantiff [Appellee] a misbehavior report for the same thing mentioned in paragraph 3 and 4 which is Retaliation, Harassment and Discrimination as well as Deliberate Indifferance.

9

W, Lt Sullivan
   correction Lieutenant
   Eastern N.Y correctional facility
   P.o Box 338, Institution Rd
   Napanoch N.Y 12458


X. Sgt Vanacore
   correction Sergeant
   Eastern NY correctional facility
   P.o Box 338, Institution Road
   Napanoch N.Y 12458


Y  Sgt Barg
   correction Sergeant
   Eastern N.Y correctional facility
   P.o Box 338, Institution Rd

6, On December 7, 2014 ~~plaintiff~~ Appellee was going to the Messhall to eat lunch At 11:00 AM, When ~~plaintiff~~ Appellee came out of the Messhall he saw Officer Cruz was suppose to be on the other Side of the Jail because the House of inmates He was supervising had already left the Messhall.

7, Officer Cruz abandoned his post Just to assure that ~~plaintiff~~ Appellee was punished to satisfy Lt Madisons oppressive decision and personal stance against ~~plaintiff~~ Appellee having a MoHawk hairstyle.

8, Since Officer Cruz knew that he was not on post, he directed officer Williamson to frisk me and officer waugh to Assist.

9, plantiff was coming out of the Messhall from eating lunch, officer Cruz pointed ~~plaintiff~~ Appellee out to officer Williamson and officer waugh.

10, Officer Williamson directed ~~plaintiff~~ Appellee to get against the wall, this order was given out of retaliation (for Lt Madison being upset that Lt ~~Simmons~~ Simmons upheld ~~plaintiffs~~ Appellee constitutional rights) further explained in paragraph 4.

10

11, Plantiff was then pat frisked and strip frisked by being forced to Remove his religious headgear and shake his hair out for no penological reason which is also a fourth Amendment violation, Harassment And Retaliation.

12, Plantiff was then instructed to go and return to His Housing unit and cell location.

13, 5 minutes later officer williamson arrived at plantiffs assigned cell for a cell search. Officer williamson then asked plantiff did plantiff know why he was there, plantiff said no, officer williamson stated that he was there to search plantiffs cell because of plantiffs hairstyle, this is a fourth Amendment violation, Harassment and Retaliation, because the cell search had no Penological interest and was used as a tool for Retaliation against plantiff for plantiff exercising a right guarenteed under the united states constitution.

14, plantiff was written a misbehavior report After the cell search by officer waugh for altered Pants and again for refusing to cut his Hair

11

15, Plantiff was not suppose to be written
A misbehavior report for Altered pants
and Directive 3881 states that, and
plantiff was not suppose to be written
A misbehavior report for refusing to cut
his hair after plantiff was found not
guilty and plantiff having a first
Amendment right to wear his hair
style in A mohawk, officer waugh
wrote the misbehavior report to satisfy
Lt madisons thirst to see plantiff punished
for having A mohawk, this retaliation,
Harrassment, Discrimination, A violation
of plantiffs right to freedom of expression
and freedom to exercise religion and
Religious Land use and institutionalized
persons Act of 2000,

16, At the hearing for the misbehavior
report (explained in paragraph 15) held
by Lt simmons, plantiff was again found
not guilty of refusing direct order to
cut his hair because plantiff has a
constitutional right to wear A
mohawk hairstyle and said hairstyle

posed no threat to the safety, security and order of the facility, however Lt Simmens found plantiff guilty of Altered pants. on the record plantiff made Lt simmens aware that he was retaliated against for a favorable hearing, also Lt Simmons was not suppose to find plantiff guilty of altered pants and issue confinement time, Directive 3001 Directs him against that, however Lt Simmons did so to satisfy his obligation to his peers feelings and urge to see plantiff Punished.

17, plantiff received 30 days confinement to cell, 30 days loss of commissary, Recreation, packages and phone privileges, this was done out of retaliation and Harassment and amounted to cruel and unusual punishment

18, plantiff wrote a grievance about the Harassment initiated by Lt Madison, which is covered in the affirmentioned paragraphs, the grievance was titled as harassment,

19, plantiff was also sent in for urinalisis testing because of the outcome of the hearing and plantiff being found not guilty for a second time for refusing to cut his hair which is his first Amendment right and right under Religious Land Use and

#3

Institutionalized persons Act of 2000

20, captain webbe was designated by Superintendant to investigate the Harassment reported by plantiff against officer waugh, williamson, cruz and Lt Madison.

21, captain webbe immediately covered up Lievtenant and officers Misconduct, captain webbe failed to discipline officers, or investigate into officers abandoning post, conspiring with Lievtenant, frisking plantiff, strip frisking plantiff, searching plantiffs cell and urine testing plantiff because plantiff was given a favorable decision at the hearing by Lt simmons pertaining to plantiff hairstyle and plantiffs rights to exercise his religion through his hairstyle,

22, captain webbe stated there was no official Misconduct and that sgt connor gave officers permission to frisk, strip frisk plantiff and to search plantiffs cell.

23, sgt connor was not around and sgt connor made that statement to cover up for officer williamson and waugh and Also out of retaliation to please Lt Madison who wanted to see plantiff punished for wearing a MOHAWK.

14

24, plantiff wrote a grievance on captain webbe for covering up official misconduct.

25. The Superintendant then designated Deputy Russo to investigate. Deputy Russo Also covered up for Lt,officers, and captain, he failed to investigate or discipline Lt and officers for conspiring to infringe on plantiffs Right to Religion, Harassment, Retaliation and Discrimination by plantiff being frisked, strip frisked, cell frisked and urine tested because of a favorable Decision by Hearing officer in regard to upholding plantiffs Right to Freedom of expression and Religion,

26, plantiff wrote a grievance on Deputy Russo for the reasons stated in paragraph TWE. Twenty five.

27. The Superintendent then made a Decision and he too covered up for his Subordinates, denying the right to freedom of Expression and Religion through minimum exercise thats the least restrictive in the form of Plantiffs Hairstyle.

28, while plantiff was awaiting release from from the 30 day keeplock, plantiff fell from the top of the cell bars

15

where he was forced to climb to up and get his food treys because officer Henry, officer Cotton, officer VanAiken and other officers that work the unit refuse to unlock his cell so he could retrieve his food treys like a Human, officer Henry also tease plantiff by calling him a Monkey because plantiff has to climb to get his food.

29, The superintendent was Also aware that there was no feed up slots that I could get my food from and superintendent refused to get it fixed, no other prison in the state or probably America House a prisoner In confinement without a feed up slot, this is cruel and unusual punishment,

30, Grievance Supervisor refused to forward plantiff's Grievances to Administration at the Highest Channels, and when plantiff attempted to forward it his self the mail Clerks Discarded it (the mail) So plantiff was blocked,

31, plantiff walked with a cane for 6 weeks because of the fall mentioned in paragraph 28, because of Harassment and

retaliation, and is mentally and emotionally anguished, plantiff was confined to a cell that he had to climb up cell bars to get his food.

32, Plantiff had to slide his open food treys after he took the lid off because thats the only way it would slide through the top of the ceiling, dust and paint chips were constantly in his food that he had to eat or face starvation.

33, Plantiff ended up falling on December 23, 2014 while climbing to get his food up the bars.

34, Plantiff had to be carried to get medical Attention, plantiff was given a shot in his buttocks in order to walk (a steroid shot) plantiff was hospitalized for 3days and it was determined that plantiff damaged his lower back by fallen, plantiff was given a cane to walk on for 6 weeks

35, Plantiff was released from the medical unit and was placed on the other side of the Jail Block that I was on, I was put on a unit that didn't require Plantiff to use the steps.

36, I was interviewed by T. Mauro about Grievance Supervisor about the grievance I filed about me being in a Cell that I cant receive food at because its no feed up slots.

37, I was again confined under the same circumstances mentioned in paragraph 29.

38, officers took 30 minutes to one hour daily for two weeks to open the cell door in order for me to get my food treys.

39, Since plantiff fell by having to climb up bars to get his food trey the policies implemented to prevent future accidents of that nature was for officers to open the cells to give us prisoners on confinement our food.

40, I was then moved to 2 cell in the same housing unit this cell was the only cell out of nearly 40 cells on the gallery that had a feed up slot.

41, I was moved because I wrote a grievance about the officers taking so long with opening up the cell door to bring the food to me. officer Heldron told plantiff that he should be lucky they dont make me climb no more

18

42, In the middle of January plantiff wrote a grievance after being subjected to nearly two weeks of extreme cold weather, civilians were fixing the windows, and in the process it was holes in the window that were not covered, and freezing Air was coming through and it was 8 degrees, or 0 degrees outside,

43, They gave plantiff nor any other inmate any Blankets or clothing for additional warmth and there was no heat on,

44, Plantiff was forced to wear the same pants for 30 days, plantiff was denied the right to clean his cell or receive cleaning Material and was forced to sleep in a Dirty cell, with feces and urine stain on the toilet and mucus in the sink.

45, Because of plantiffs grievances the heat was turned on, after they turned the heat on in retaliation for plantiffs grievances plantiff was moved,

46, officer Henry and sgt lifield was made aware of the grievance issues of plantiff that stemmed this claim and

14

officer Henry was well aware that these issues were constitutional violations.

46. plantiff was up for a phone call in which plantiff hadn't spoken to his family in 3 months because of false mis-behavior reports. officer Henry and SGT lifield denied plantiff a phone call out of malice, knowing that plantiff had a hearing pending and in a few days he would lose his phone privaleges at the hearing and wouldn't be able to speak to his family for another 60 days, and this also will stop plantiff from making his family aware of the violations plantiff faced at the prison, and to re-taliate against plantiff for using the grievance process,

47. on January 26, 2015 plantiff was moved to west wing out of retaliation, they call west wing the dump off spot,

48 soon as plantiff got to west wing officer cruz began to Harass plantiff As soon as plantiff got to west wing

49, officer cruz Dragged plantiff Property in a Blanket on a Dirty

floor, the same blanket that plantiff got to
sleep on (eastern c.f. Dont give prisoners any-
thing to pack property in when they move from
one part of the Jail to the other, they make
prisoners use there sheets and blankets
to carry it in, officer cruz threw my
property in my cell, and told me; plantiff
to get the fuck in there.

50, plantiff locked in and wrote a grievance
on January 27, 2015 plantiff had a call out
to see a mental Health counselor, plantiff
came out with his cane, officer cruz
began to frisk plantiff Aggressively,

51, officer cruz escorted plantiff to the
mental Health call out when plantiff was
done, plantiff was taken by officer cruz
to a secluded area and sexually frisked,

52, officer cruz began to go up plantiffs
testicles and penis as he searched the
plantiffs body, he pulled plantiffs legs
in a way to seem as if he was being kinky
and a Dominatrix.

53 plantiff wrote a complaint to the
superintendent about the sexual Harass-
ment, he sent the sergeant to conduct
a interview, the sgt name was cerciari.

21

54, Sgt cerciari came to see plantiff at Plantiffs Housing unit on west wing, sgt cerciari told plantiff that if this was 1998 when he first started working he would drag plantiff out of his cell and beat plantiff, because plantiff keep writing Grievances'

55, In the complaint I asked to be moved from west WING away from officer cruz,

56, on February 2, 2015 plantiff was moved upstairs. officer cruz also controls that unit, because its connected.

56, On January 30, 2015 plantiff was written a frivolous Misbehavior report out of retaliation for the sexual Harassment grievance.

57, The charges written by officer kozak was dismissed on February 12, 2015,

57, on February 12, 2015 because I wrote a grievance on officer cruz for sexual Harassment he escorted plantiff to the hearing,

58 on this day He told plantiff to get against the wall he pulled the back of Plantiffs pants down after he caressed

22

Plantiffs thighs, he grinded his penis against plantiffs buttocks, groped plan- tiffs penis and testicles and then said I forgot your pussy hurts.

59, officer cruz had no reason to frisk in the first place because eastern correc- tional policy is that prisoners get frisked in the hearing office, and the lieutenant who is holding the hearing has a frisk officer in his office.

60, I wrote a grievance about this issue and asked the superintendent to move me, ~~thirty~~.

61, as officer cruz was maliciously sexually harassing plantiff he was also drunk. I let the superintedent know this as well and I requested to be moved.

62, I saw the superintendent personally when he walked past my cell. I asked him to move me, he said no.

63 Superintendent forced me to stay around a officer that sexually violated me on two occassions

23

62, Because I wrote grievances against the superintendant he retaliated against me by keeping me around officer cruz

63, officer cruz continued to be perverted, he opened plantiffs cell door while plantiff was naked, officer cruz allowed another prisoner to observe plantiff naked as said prisoner was walking with officer cruz.

64, officer cruz peeks in plantiffs cell for no penological reason, just to harass plantiff, and violate plantiffs manhood.

65, Plantiff was called out to see Lt Madison pertaining to the grievance Plantiff wrote against officer cruz, and for not being allowed pants and Having to wear the same pants for 30 days straight,

66, Also All grievances were written a month or 2 months earlier so really there was no reason for Lt Madison to call plantiff out, as well as plantiff already speaking to supervisors pertaining to the issues

67, Instead of Lt Madison being concerned
about plantiff's safety and security,
Lt Madison used the oppertunity as a
~~opportun~~ time to retaliate against plantiff
for writing grievances.

68, Lt Madison ordered plantiff to remove
his religious Headgear and Lt Madison
Commissioned Psgt Vanacore to write
Plantiff a Misbehavior report for my
plantiffs hairstyle,

69, on March 6, 2015 Officer cruz also
wrote plantiff a Misbehavior report
because of plantifrs hairstyle.

70, on both Misbehavior reports mentioned
in paragraphs 68 and 69 plantiff had
hearings on, plantiff was charged with
untidy person, which is a disrespect, and
refusing Direct order to cut his hair,

71, Lt Simmons held the Hearing, the same
Lievtenant that found me not guilty for
Refusing Direct order to cut (my) plantiffs
hair found me guilty, Lt Simmons told me

71, that his supervisors told him to find me guilty

72, This type of torture has been done to plantiff repeatedly. plantiff does not get no fair and impartial hearings and plantiffs constitutional rights are constantly violated

73, The superintendant cover up Grievance complaints against officials, the Grievance Supervisor covers up Grievances complaints against officials, the Mailroom civilians throws out mail if it pertains a complaint against officials to assure that no one above the superintendant will find out about the etrocitys of this prison,

74, captain webbe sent Sgt Bey to threaten plantiff to cut his hair or receive a Tier III Misbehavior report which is the highest punishment. prisoners who stab, cut, act of violence and smuggle drugs receive a Tier III Misbehavior report for plantiff to receive a Tier III Misbehavior report for his hairstyle is cruel.

75. captain webbe sent Sgt Bey to order plantiff

23

To cut his hair (as explained in paragraph (74) (which is an unlawful order and unconstitutional) because plantiff wrote grievances against captain webbe, this was retaliation.

76. captain webbe was also relieved from investigating Grievance complaints (against Lt and officers) by the superintendent, so by captain webbe sending sgt bey he exceeded the scope of his duty.

77. sgt Bey gave plantiff a Tier III Misbehavior report as directed by captain webbe.

78. Lt Sullivan agreed in Determining that the Tier III misbehavior report would be forwarded for a hearing. Lt Sullivan was aware of plantiffs grievances against his peers and made his Determination to forward the misbehavior report for a Tier III out of Retaliation

79. the hearing was held by Deputy wendland. Deputy wendland lied and stated that plantiffs hair was braided and in locks, which plantiff had a witness testify at a hearing who also had locks and who was an employee of

2.9

of the prison under the official title
of counselor.

77. Plantiff made Deputy wendland aware
that plantiffs hairstyle was apart of
his religious practice and does not violate
the safety, security or order of the facility,
and therefore by plantiff being constantly
Harassed and confined for his hairstyle
is infringing on plantiffs religious belief.

78. Deputy wendland went out of her
way to call witnesses against plantiff.

79. Deputy wendland asked plantiff wit-
ness was she a beautician.

80. Deputy wendland never asked her witness
the Author of the Report (Sgt Bey) was
he a beautician and she allowed sgt Bey
to make false Reports about how Plantiffs
hair was groomed

81. plantiff was in side of his cell/living
quarters when sgt Bey wrote the mis-
behavior report and he was on keeplock
therefore the misbehavior report should
not have been written and was written
out of Retaliation for plantiff
writing grievances.

82 Plantiff was found guilty by Deputy Wendland for refusing to cut his hair, after Deputy wendlands witness, the Author of the Misbehavior report told her that captain webbe sent him to threaten me, which was inappropriate because captain webbe was removed off the investigation and the superintendent Designated Deputy Russo to investigate.

83. So instead of Deputy wendland following rules and the constitution which states I can have my hair any way I want in my cell, even if my Hair was Braided over my locks, (which it wasn't) and doesn't cause a threat to safety, security or the order of the facility.

84. Deputy wendland chose to use the hearing as a platform to retaliate against Plantiff, for plantiff writing Grievances against the superintendant and her subordinates plantiff received boogays,

85. on March 6, 2015 plantiff had beem keeplocked for a total of 110 days

24

and had his been on loss of privaleges
for 110 days as well including phone
Privaleges.

86. on March 11, 2015 plentiff was entitled
to a phone call.

87. plentiff was denied that phone call
by officer Schadel and Sgt Bradley,
Note plentiff hadn't contacted his
family verbally in nearly 120 days at
this time, and faced Retaliation
Harassment and Discrimination for
the entire 4 months. plentiff is
also Indigent and Do not have funds
for stamps to contact family to
explain the above violations,

88. plantiff was pending a hearing and
would lose his phone privaleges at that
hearing, so March 11, 2015 was the only
oppertunity plantiff had to contact
his family to attempt to receive
outside help for the above listed
violations that Stemmed this
complaint.

27

89, officer Schadel explained to plantiff that Sgt Bradley said to keep plantiff away from the phones per his supervisors,

90, Inorder to assure that plantiff would not alert His family of the violatiuons that stemmed this complaint officer Schadell and Sgt Bradley Denied plantiff a Phone call know that plantiff wouldn't have another oppertunity to use the phone for another 4 months,

91, On March 25, 2015 officer cruz again came to Harass plantiff, officer cruz looked in plantiffs cell, told plantiff to be good and stop Talking or plantiff will be Silenced, meaning stop writing grievances on plantiff is gonna be Hurt,

92, out of fear I was requesting to speak to A Sgt, I was let out to go to recreation, officer cruz demanded to frisk plantiff, I refused to be frisked By officer cruz Beeause of The two instances when he sexually Touched

28 31

plantiff private areas, and I was tired of allowing this officer to violate my manhood, and his supervisors did nothing when I complained but retaliate against me.

93. Officer cruz was not running recreation therefore him wanting to frisk plantiff was Harrassment because plantiff asked Officer Green jr to call the Sgt. Officer Green jr told officer cruz my request and it ticked officer cruz off, because officer cruz knew that I wanted to contact the sgt because of his comment explained in paragraph 91.

94. plantiff was lucky another inmate was standing with him, which made officer cruz not beat plantiff, because of a potential witness.

95. Officer cruz intentions was to get plantiff on the wall, say plantiff came off the wall and then beat plantiff,

96. On the same day mentioned in paragraph 91 officer cruz put a inmate on the wall that wrote a complaint about him and said the inmate came off the wall then he beat him.

25 32

97, Deputy of programs, Diane labatte, and E Jennings refuse to give plantiff copies and plantiff is indigent,

98, plantiff has requested copies for months to Do a Article 78 for misbe- havior reports plantiff received, and because of the Denial plantiff has missed the 4 month Deadline, which is a Denial of access to the Court,

99, The Commissioner Anthony JAnnucci, and Deputy commissioner Vernon J Fonda is falling to train employees on How to properly respect prisoners Constitutional rights which would Have prevented this Complaint

100, The Commissioner Anthony J Anucci fail to supervise subordinates and employees at Eastern N.Y correctional Facility,

101, The Commissioner Anthony J Annucci was made aware of the abuse that plantiff went through as Described

33

In this complaint he did nothing to ascertain plantiffs safety or security

102. The commissioner or designee visited Eastern correctional Facility and was aware that there was no feed up slots which forced plantiff to climb in order to receive food because officers refused to open the cell doors so plantiff could receive food

103. The superintendent was also aware by grievance and by observation that there was no feed up slots on the cells for me to receive food. and I was in danger being in a cell that is not equipped for inmate occupation and superintendant did nothing.

104. because of the violations stated in paragraphs 102 and 103 plantiff suffered back injury from falling, by climbing to get His food that left plantiff dependant on a cane for 6 weeks. plantiff suffers Migrane

Headaches, and seizures because of the
Fall

105, Officer Cruz told me to get the fuck on
the wall. then Officer that was standing with
Officer Cruz told me to just get on the
wall so it wont be a Incident

106. Plantiff got on the wall and Officer
Cruz then began to pull Plantiffs pants up
into the crack of Plantiffs buttock, kick
Plantiffs feet, Rub his hands up Plantiffs
Penis and then banged Plantiffs head on
the wall.

107. Plantiff was then sent back to his
cell and then denied recreation, therefore
Officer Cruz Frisk was just for Harass-
ment, Sexual Harassment and Retaliation,

108, Officer Cruz came to Plantiffs cell
and told Plantiff that he cant wait to
he go to another Jail so that he could
get Plantiff stabbed the fuck up.

109. Plantiff was then called for a Tier
II Hearing for again refusing to cut
his hair at 10:20 am. Misbehavior
report was written by Sgt Vandacore

35

Directed by Lt Madison.

110, The report was written clearly out of retaliation. the hearing officer was Lt Simmons who on 2 occasions found plantiffs not guilty for refusing to cut his hair which is plantiff right guarenteed By the united states constitution of america.

111, LT Simmons found plantiff guilty and again stated that his Supervisors told him too

112, If plantiff received more than 60 days keeplock plantiff would be moved out of the jail and sent to another prison, so this was the intention of the Superintendant and his subordinates which was another retaliatory tactic for plantiff using the grievance system

113, After the hearing was over Lt Simmons asked plantiff why did he have a knot on his head (forehead)

36

plantiff then explained to Lt Simmons that officer cruz, had sexually touched him and have done so on two prior occasions, and that plantiff has a knot on his forehead beccuse officer cruz banged plantiffs head into the wall.

114. Lt Simmons told plantiff not to write a grievance, the grievance system don't work and the more plantiff write grievances the move trouble he get his self into (meaning retaliations). Lt Simmons told plantiff that he was gonna move plantiff from the unit where officer cruz is.

115. At 1:30 pm plantiff was moved. As Lt Simmons promised.

116. Plantiff had a migrane headache as he usually does due to the stress of being retaliated against by officers and every rank in the facility, however on this day plantiffs head was hurting

117. At 2:30 pm plantiff finished un-packing his property. plantiff felt nauscious and weak. Plantiff layed

37

Down

118, At 10:50 PM plantiffs chest felt like
it was burning and plantiff heart
felt as if it was gonna explode,

119, plantiff dont smoke, use drugs,
plantiff Dont eat meat, plantiff is
a vegan, plantiff exercises, plandiff
dont have Sugar Diabetes or high
Blood pressure. the Nurse(as plantiff
had to be rushed to medical at 11:00PM)
said that plantiff suffered a mild
heart attack because of the pressure
and stress he been under due to the
Retaliation. the Stress of these prison
officials is killing plantiff.

120, on or around May2, 2015 Lt Madison
walked past plantiffs cell and said to
plantiff that he cant believe plantiff
still got that stupid Haircut. Lt ~~Madison~~ Madison
then told officer Geminer to write
plantiff a misbehavior report. this was
done out of retaliation and discrimina-
tion as well as Harassment and had

No penological interest.

121, on or around May 15, 2015 plantiff
was sent to hearing for the mis-
behavior that Lt Madison Directed
officer Geminez to write - on that
day captain webbe was holding the
hearing, he stated to plantiff that
Supt lee sent him to hold the Hearing
so that he could slam plantiff real good
(meaning give plantiff the maximum fine)
plus

122, at the hearing captain webbe found
plantiff guilty and gave plantiff 4 Months
keeplock, 4 Months loss of phone, 4
Months loss of commissary, 4 months
loss of packages and 4 months loss
of property. captain webbe said that
was his retirement gift to punish
me Harshly.

123, plantiff was then stripped of his
religious koran, religious paperwork
and newspapers, also plantiff was stripped
of all Books and Magazines per order
of captain webbe.

34

124. On or Around April, 27, 2015 plantiff was written up for refusing A Direct Order and grooming standards. Lt Sullivan held the hearing, at that time he stated that he knows Its nothing wrong with my hair, but I should cut it because Lt Madison Dont like It. at that time he gave mE 30 pays confinement and at that time was already keeplocked for 5 months.

125. On or around June 16, 2015 Deputy Russo Denied plantiff the RIGHT to Attend Services for the Month of Ramadan for fasting and Brotherhood with fellow Prisoners as plantiff is registered Ni.O.I.

126. Deputy Russo Denied plantiff out Of Retaliation because plantiff wrote Grievances against him and his subor-dinates and supervisor and because plantiff filed civil suit against him his supervisors and his peers and Subordinates. this is Abuse and a pure Disrespect.

127, on or around May 27, 2015. Supt lee became aware that plantiff was being denied religious newspapers, magezines, koran and reading books because of captin webbes order, supt lee ignored that abuse.

128, on june 18, 2015 plantiff was scheduled to be released from keeplock confinement. Lt Simmons changed plantiffs release Date from confinement until July 18, 2015 which was a extra 30 days that Lt simmons imposed unlawfully upon his discretion.

129, Lt simmons in the past would give plantiff 30 day and plantiff would be confined for 14 days which totals 44 days in confinement for a tier II Lt Simmons did this on three occassions plus the unlawful extra thirty days that forced plantiff to be confined for a total of 72 days for no reason just because of the discretion of Lt Simmons. Lt Sullivan gave plantiff 30 days but Lt Sullivan ran that time concurrent with plantiffs 4months keeplock time already imposed.

41

130, on or around July 18, 2015, the same day plantiff was released from keeplock after serving 10 months, sgt Bey sent officer klein and officer vanderhelde to stop plantiff in the Hallway after plantiff came out of the messhall from eating Dinner.

131. plantiff was stopped by officer klein and officer vanderhelde because of his hairstyle. at that time plantiff had a C.O.R.C that stated C.O.R.C unanimously agreed with grievant (plantiff) that it is unconstitutional for plantiff to be keeplocked for refusing to cut his hair, therefore plantiff could not be keeplocked anylonger.

132. officer vanderhelde told plantiff to get against the wall, then began to pat frisk plantiff aggressively. then officer vanderhelde told plantiff to take off his shoes, plantiff was forced to stand on the dirty floor in his sox like a slave. sgt Bey stood there laughing

42

133, Sgt bey began to Question plantiff about the current lawsuit in an Attempt to intimidate plantiff.

134, On or Around August 2, 2015 Sgt. Barg and officer Kiantz planted Marijuana report on plantiff in retaliation against plantiff for filing civil suit and grievances (that amount in a favorable C.U.R.C Decision) against him and His peers and Supervisors,

135, Sgt Barg then placed plantiff in protective custody the day of the hearing for the Marijuana charges so that Plantiff wouldn't have any property, therefore plantiff wouldn't have any legal cases or Directives to prepare a Defense or to Question witnesses with.

136, Hearing officer Charles Barnard refused to postpone the hearing So that plantiff could obtain his legal work to properly Questions witnesses.

137, Hearing officer charles Barnard Denied Plantiff the right to call witnesses again. Hearing officer Stated that this was my only uppertunity to question witnesses. the witnesses were officer kientz and his partner.

138, That same day after the hearing Plantiff was removed from protective custody, meaning Plantiff was not even in protective custody for 6 Hours. Plantiff was in protective custody for no reason accept for sgt Barg to get plantiff away from his legal Defense so plantiff wouldn't catch the witnesses lian.

139, sgt Barg told Plantiff that he planted the marijuane and Had officer kientz make the report and that he got the marijuane from the locker.

140, on the date that officer kientz Stated he saw A cigarette rolled marijuane Joint fall out of plantiffs pants, Sgt Garrett was the Area supervisor therefore sgt Barg had no reason being in the contraband

44

while the marijuana was getting tested
his reason for being there was to plant
marijuana on plantiff out of Retaliation.

141, plantiff ended up receiving 30 days
keep lock for the misbehavior report
about the marijuana which means that
plantiffs entire time at eastern correctional
facility from september 2014 until
october 2015 (give or take 45 days)
plantiff spent keeplock because of Abuse
from officials.

142, Lt Madison Harassed plantiff About
wearing his religious headgear and forcing
plantiff to take it off since Lt Madison
knew that he could no longer punish
plantiff for refusing to cut his hair
because of C.O.R.C (central office Review
committee) Decision that spoke against
that. Lt Madison called plantiff an idiot
for wearing his religious headgear.

143, Deputy Calao, C.Jennings and Diane
Labbatte further Denied plantiff
copies and because of it plantiff lost
a Non frivelous claim.

45

144, on or around June 8, 2015 officer caloddi gave plaintiff a Misbehavior report for having Magazines and books

145, on or around June 12, 2015 Lt Simmons gave plaintiff 30 days keeplock for having magazines and books on top of the seven Months plaintiff Already Spent in keeplock, one magezine was a Religious Magezine.

146. plaintiff explained to Lt SimMons that plaintiff have a right to have Books magezines and Religious reading Material, and this right is protected by the USCA. Lt SimMons told plaintiff to take it up with the court he dont care.

147 futhermore c.o Miller co Signed A misbehavior report written by c.o cruz on march 6 2015 against plaintiff for plaintiff refusing to cut his Hair which is plaintiffs right guaren-teed by the USCA.

ARGUMENT

I

PLANTIFFS CONSTITUTIONAL RIGHT
TO THE FREEDOM OF EXPRESSION
VIOLATED BY DEFENDANTS.

It is settled law that an imate has the
right to the freedom of expression in a
prison as long as an inmates freedom
of expression is not a threat to the
safety security or order of the facility.
an inmates right to the freedom of expression
is protected by the first Amendment to the
united states constitution and states:
" congress shall make no law respecting an
establishment of religion, or prohibiting the
free exercise thereof ... as well as freedom of speech

Defendants were aware of plantiff Right
to the freedom of expression and were ordered
in there employee manuel lawful comportment
2.2 to follow the united states constitution
of America, first and foremost, Before prison policys.

Plantiffs religious Belief is sincerely held
as plantiff is a member of the Anunaki
religion, as well as freedom of speech.

47

# SUMMARY OF THE ARGUMENT

Plantiff was punished for expressing his religious belief through his hairstyle for no penological reason, plantiff spent 340 days confined unlawfully by Defendants

Said punishment and confinement aggrevated plantiffs back injury and caused Appellee emotional and mental anguish

Plantiffs hairstyle is sincerely held as a religious symbol, plantiff was forced to climb cell bars to retrieve his food meals, sexually touched and Assaulted by correction officers all because he refused to cut his hair.

Plantiff Appellee was even denied reading material in the form of complete property deprivation.

48

On or around 2017 Appellee requested for
a second amended complaint which was denied
by the district court.

In that request Plantife argued that
in 2015 officer krantz in eastern correct-
ional facility subjected appellee to sexual
Touchin in extreme, in the yard he directed
Appellee to come into the officers shack and
at that time he leaned his body into Appellee
Pulled Appellees pants down and inserted
his fingers in Appellees buttocks and
then planted marijuana on appellee in
retaliation for Appellees grievances
and lawsuit, for his hairstyle. Sgt Barg
Assisted and furnished the marijuana to krantz
Appellee was transferred to Great
Meadows correctional Facility on or around
September 2015, soon as Appellee got there
he was immediately keeplocked because
of his hairstyle by John doe Sgt, Seid
name is in Appellees second motion to

49

Amend which Appellee does not have access to at this time.

Appellee was given a tier III and sent to S.H.U, in S.H.U Appellee was beaten by officer brady while 3 officers watched and one sgt.

Appellee was sent to upstate S.H.U then to Five points, as soon as Appellee got to Five points he was written constant tier two Misbehavior reports for wearing his Mohawk hairstyle.

Appellee was keeplocked for a total of 60 days then was given a tier III Misbehavior report by a John Doe sgt (All names are in second amended Complaint request) and sent to S.H.U for 90 days at this time Appellee had been keeplocked for nearly 18 months for refusing to cut his Mohawk hairstyle, All violations were a continuation from the keeplock confinement Appellee faced at eastern correctional facility.

50

After Appellee got out of SHU on or around June 2017 he was sent to Attica correctional facility.

On or around October 2016 Appellee was scheduled to go to the program committee to receive a prison job.

Appellee requested to work as an Administration porter, or kitchen worker. Sgt T. Will, SORC Blackbourne and the head cook who I don't know his name at the time, his name is in the Motion for Contempt.

They Asked Appellee about his hairstyle and stated they knew that Appellee refused to cut his hair, Appellee then showed them his court order from the District Court and told them As it stated it was a Restraining order preventing Appellee from being Punished for wearing his Mohawk hairstyle.

51

Sgt T. Will, SORC Blackbourne and the head cook who are the program committee and give out the prison jobs.

They told Appellee that as long as he has that Mohawk haircut the only job he'll get is D-Block Painter because he'll never come out to paint.

Appellee filed a Motion for Contempt on or around 2018 and it was Denied by the Northern District Court.

On or around October 2018 Appellee was at Auburn C.F For court, C.O Gifford began to Harass Appellee about his Mohawk hairstyle, Appellee showed him the Temporary restraining order from the District court signed by Senior District court judge McAvoy -

C.O Gifford Still keeplocked plantiff. Plantiff filed a Motion for contempt

against C.o Gifford and it was Denied by the district Court on or around May 2019.

Appellee was transferred from Attica to Greenhaven on or around February 2018 and then from Greenhaven to Auburn correctional facility on or around August 2018.

Sgt Sheftic immediately began to Harass Appellee about his Mohawk hairstyle. Appellee Showed Sgt Sheftic a copie of his Court order from the District Court and Sgt Sheftic still keeplocked Appellee.

53

On or around November 2018 Defendants was granted summary Judgement for Appellees failure to exhaust his Administrative remedies

In plantiffs reply he stated that Defendants was using the court and manipulating the Directive to fit the schemes of there point of law for leverage with the court to rule in defendants favor, by stating that Appellee was directed by Directive 4040 to write C.O.R.C to check if they received appeal.

This Mechanism was not added until on or around 2016 Appellee used Directive 4040 that was applicable During the time he filed his complaint in 2005.

Also plantiff stated that the IGRC supervisor supervisor was deliberately holding his grievances and not filing them Along with the superintendent doing the same thing in order to Denie him access to the court, plantiff also Discovered

54

that in order for Defendants to obtain the summary Judgement Favor from the court they used and constantly referenced Directive 4040 that was Revised in 2016, when in fact plantiffs grievance exhaustion was governed by Directive 4040 that was applicable in 2014 and 2015, said Directive 4040 was created on or around 2009.

Therefore the Directive 4040 that was revised in 2016 that the Defendants made reference too and was a Determinate factor in the Defendants summary Judgement Motion getting granted was not applicable law and Defendants were aware of this or it was a mistake either way the Judgement was made by weighing law that didn't apply,

Plantiff was in Solitary confinement in 2018 and 2019, and had no access to the law library, covid was Rampid in the prisons so It was no way for me to discover that the Defendant applied a Directive that Didn't apply.

On or around March 2022 I spoke with a IGRC clerk Name Bryan colon he told me not only Did they use a Directive 4040 that Didn't apply in which time he showed me the Directive, he also told me that its a training manuel that all IGRC Supervisors and clerks suppose to study, he showed it to me. Defendant failed to furnish that to the court.

Defendants are either commiting fraud or they are making neglectful mistakes, and

either way a hearing is necessary since the court trusted the Defendants as Honorable professionals and they have been discovered to be operating as unfocused or Fraudulent, inadvertence is also not an excuse and warrents reconsideration.

On December 10, 2014 plantiff received a Misbehavior report, was Keeplocked, harassed and retaliated against because of his religious hair-Style, Plantiff wrote grievances about these issues and appeal was decided on April 29, 2015 over 4 months later, this is a violation of Directive 4040 in which the grievance process with appeal Should not and shall not take no more than 2 in a half months if Remedie is available. Appeal Number ECF-26147-14

On December 25, 2014 and January 18, 2015 Plantiff alleged that he had been denied copies of legal Documents, interference with mail and that IGP was not properly processing his grievances. plantiff further submitted grievances dated January 23, 2015 and February 24, 2015 alleging ~~defendant~~ that Diane Labatte had falsified documents in connection with the disbursment of plantiffs Funds for postage that resulted in plantiff missing Deadlines Dkt No 174-14 at 14-15, 21-23 these grievances were consolidated into grievance No ECF-26198-15 see Dkt No 174-14 at 8-9.

56

The consolidation of those grievances were error.

Since plantiff filed a grievance on December 25,2014, that grievance should have been processed within 16 days and appealed to superintendent within 24 hours and decided by superintendent within 20 days and ready for appeal to CORC (if needed) for a 30 day decision the whole grievance process for that grievance should have should have been complete at every level by March 8, 2015 however in February plantiffs grievance was just getting reviewed, forcing plantiff to believe that the IGRC superviser wasn't filing his grievances, therefore on January 18,2015 plantiff had to submit a grievance against IGRC supervisor alleging his failure to file plantiffs grievances and improperly processing plantiffs grievances as plantiff is showing here.

Plantiff filed seperate grievances as mentioned in paragraph 10. these grievance were process untimely, never voted on by the committe for grievances as directed by the training manuel and directive 4040 and were consolidated only after plantiff filed grievance on the IGRC supervisor, and should not have been consolidated, grievance No EEF-26198-15 see Dkt No 174-14 at 8-9 on February 4,2015 eastern IGRC denied plantiffs

57

grievances and the next day plantiff appealed the IGRC Decision to the superintendent, on April 9, 2015 Superintendent Denied Plantiffs Appeal after nearly 3 months, this is clear showing that plantiff was being denied access to the court by IGRC and superintendent purposely stalling his remedies at the grievance level which is a violation of Directive 4040. Plantiff Appealed to CORC and IGRC supervisor failed to forward plantiffs grievances to CORC.

On January 15, 2015 Plantiff filed grievance ECF-26187-15 Alleging that he had been inappropriately frisked without Probable cause, threatened with a disciplinary ticket if he did not cut his hair, denied food, housed in a cell on keeplock confinement with no Feed up slot, injured himself attempting to retrieve his food trey, intolerable cell conditions. On February 4, 2015 Eastern IGRC Denied plantiffs grievance and plantiff and plantiff appealed to the superintendant See DKT No 174-14 at 12. On March 19, 2015 the superintendant Denied plantiffs grievance, plantiff appealed to CORC and IGRC supervisor never forworded plantiffs appeal

58

on January 26, 2015 Plantiff filed a grievance ECF-26197-15 dated January 18, 2015 alleging that he had been issued a Misbehavior report because of his hairstyle, Staff made false statements against him against him in a disciplinary hearing, Staff subjected him to harassment, threats, and retaliation and his hearing officer was biased and racist See Dkt No 174-14 at 144-48.

On January 23, 2015 Plantiff submitted a grievance alleging complaints similar to those set forth in January 18, 2015 grievance and that grievance was consolidated with grievance ECF-26197 See Dkt No 174-14 at 149-150,

On February 2, 2015 the eastern IGRC determined that the issues raised in (the grievance) were outside the purview of the IGRC See Dkt No 174-14 at 141 that same day Plantiff appealed the IGRC Decision to the Superintendent, on march 19, 2015 the Superintendent denied plantiffs grievance See Dkt No 174-14 at 138 IGRC failed to forward to CORC.

on February 23, 2015 plantiff filed grievance ECF-26217-15 ~~plantiff~~ dated February 12, 2015 alleging that non-party C.O Kozak retaliated against him for using grievance process by filing false Misbehavior reports, staff moved his cell

59

harassed him, and sexually harassed him in retaliation for writing grievances. Staff sexually truched him during frisks, officers read plantiffs legal mail, and his claims were not being investigated see Dkt No 174-14 at 171-176.

Plantiff submitted grievance and letter dated Feb 24, 2015 that was consolidated with grievance ECF-26217-15 for superintendents disregard to Plantiffs sexual abuse, superintendent denied plantiffs grievance on April 21, 2015, Plantiff appealed that Decision to CORC April 24, 2015 CORC issued a Decision on plantiffs grievance on July 8, 2015 plantiff commenced this action April 2, 2015

ECF 26147-14 and ECF-26217-15 on April 29, 2015 and July 8, 2015. all confinement issues were resoved at facility level as plantiff was granted relief requested and Remedys exhausted.

Defendants would refer to revised Directive from 2016 that did not apply to Plantiffs Grievance process that was Directed under Directive 4040 that was Revised on or around 2009 and still applicable up to 2015 when plantiff grievance process was active. in defendants application of Directive 4040 from 2016 they stated that Plantiff did not exhaust his administrative

60

because Directive 4040 2016 revision states that
plantiff had to get the remedy at facility
level within 16 days or the remedy was not
available. Because of this Misapplied Directive,
that wasn't applicable plantiffs cause of
action for all confinement issues were
dismissed, and this is error by Defendant
Mistake or inadvertance that could be per-
ceived as fraud. and therefore all plantiffs
confinement issues should be reinstated in
the interest of Justice and scheduled for a Trial.

Defendants interfered with plantiffs
pursuit of the grievance procedure by retaliatory
tactics and purposely filing plantiffs grievances
late and failing to forward plantiffs grievances
to CORC.

Plantiffs right to access the court was
hindered purposely. Defendants would point
to revised Directive 4040 from **2016** that
added a requirement that plantiff could forward
his grievances to CORC if they were not processed
by IGRC Timely.
Plantiff used Directive 4040 that was
revised on or around 2009 and applied in 2015
when plantiff grievance process was in motion

and that directive gave no direction in
the steps to take if the grievances are
being held past the time directed by
directive for filing and if they are not
being forwarded, therefore plantiff exhausted
his Administrative Remedies as they were
not Available, and therefore plantiff causes
of actions listed below for the following
Defendants should be reinstated in the interest
of Justice and a Trial date set as Defendents
never opposed the summary Judgement drafted
by plantiff, therefore they conceded and
was given a Dismissal granted only because
Defendants summary Judgement for exhaustion
only was fueled by Misapplied Directive, was
Also a Directive that was Revised and a
Mistake by defendant OR fraud.

Plantiff request that the following claims
be reinstated:

1, First Amendment Freedom of Expression against
Defendant Lee; Russo; Madison; Simmons; Sullivan;
Wendland; Webbe; Bey; vandacore; waugh; Miller;
williamson and Cruz

62

2, First Amendment Retaliation claims
Defendants Simmons; Madison; Cruz;
Williamson; Bey; Wendland; Kozak;
Waugh; Webbe; Russo; Lee; Miller;
Vanacore; Sullivan; Connor; and Barg

3, First Amendment interferance with mail
Defendants calaO, Jennings aNd Labatte

4, Denied access to Reading Material Defendants
Webbe; Simmons; Lee

5, Search, Strip cell Fourth Amendment Defendants
Connor; Williamson; and Cruz

6, Eight Amendment conditions of confinement
Defendants Lee; Webbe; Simmons; Sullivan and
Henry

7, Due process Defendants Webbe; Russo;
Simmons; Wendland and Sullivan

8, Supervisory liability Defendants Lee; and
Annucci

Plantiff was punished for expressing his religious belief through his Mohawk hairstyle for no penological reason based on security or hygiene which is a violation of plantiffs Right to the freedom of expression by defendants Lt Madison, Sgt Bey, officer Waugh, captain Webbe, Deputy Russo, superintendant Lee, Lt Simmons, Deputy Wendland, officer Miller, officer Williamson, officer Cruz, Lt Sullivan, & Sgt Vanacore Swift v Lewis, 901 F.2d 730 (9th cir 1990) Benjamin v Coughlin 905 F.2d 571 (2d cir 1990)

Plantiff spent 240 days confined Un-lawfully by Defendants, for his religious hairstyle.

Grievance decision was rendered barring Defendants from punishing plantiff for his hairstyle and Defendants disregarded that order by there Supervising officer. exhibit A

Also plantiff have a Declaration by two prisoners that witnessed other priso-ners wear a Mohawk hairstyle and one prisoner even wore a Mohawk hairstyle in Nys facilltys without punishment for seven years and even is willing To

TESTIFY too this declaration and that this is
sset (exhibit B.)

Defendants violated plantiffs right
to the freedom of expression deliberately
and maliciously which is deliberate in-
difference all. Defendants mentioned in
Argument I are directed by there oath
of office and employees Rules to
respect the united state constitution
of America Exhiblt C, all defendants
were given second Notice outside of
there Rules By Plantiff that Defendants
Punishment of Plantiff was a violation
of plantiffs united states constitutioncl
rights, exhibit D. Therefore defendants
Do not qualify for immunity as there
conduct violated clearly established
statutory and constitutional rights
which they knew and any reasonable
officer or official would have known
See wright v coughlin 31 F. Supp 2d 301
(1998) vacated 225 F.3d 647.

Plantiff suffered previous back injury
and the unlawful Punishment by defendants
in violation of plantiff right to the

65

Freedom of expression aggrevated Plantiffs back injury and said violation caused Plantiff emotional and mental anguish As Plantiff also had to seek mental health and counseling from a spiritual adviser because of the abuse by defendants. as well as constant Headaches.

for Defendants Deliberately and Maliciously violating Plantiffs right to the Freedom of expression Plantiff request Damages from Defendants in the amount of: Madison $75,000.00, Bey $35,000.00, Waugh $35,000.00, webbe $110,000.00, Russo $225,000.00, Lee $575,000.00, Simmons $450,000.00, wendland $250,00.00, Miller $27,000.00, williamson $125,000.00, cruz $200,000.00, Sullivan $400,000.00 and vanacore $100,000.00  Total Damages $2,357,000.00 Freedom of expression also violates plantiffs Right to the freedom of speech.

## ARGUMENT

## II

## PLANTIFFS CONSTITUTIONAL RIGHT TO THE FREE EXERCISE OF RELIGION VIOLATED BY DEFENDANTS

It is settled law that an inmate has the right to the free exercise of religion in a prison as long as an inmates free exercise of religion is not a threat to the safety security or order of the facility. an inmates right to the free exercise of religion is protected by the First Amendment to the united states constitution and states: "congress shall make no law respecting an establishment of religion, or Prohibiting the free exercise thereof...

Defendants were aware of plantiffs Right to the free exercise of religion and were ordered in there employee manuel - lawful comportment 2.2 to follow the united states constitution of America, First and foremost, Before prison policy as the united states constitution supersedes prison policy.

Plantiffs Religious Belief is sincerely held as plantiff is a member of the

67

Anunaki Religion.

Plantiff was punished for exercising his religious belief through his Mohawk hairstyle for no penological reason based on security or hygiene which is a violation of plantiffs right to the free exercise of religion by defendants. Madison, Bey, waugh, webbe, Russo, Lee, Simmons, wendland, Miller, williamson, cruz, Sullivan, vanacore, and Barg see "Africa v Commonwealth of pennsylvania, 662 F.2d 1025 (3d cir.(1981), Ho Ah kow v.Nunan 12 F.Cas 252 No 6546 (c.c.0, cal.1879), O'lone v.estate of shabazz, 482 U.S. 342 (1987, Lemon v.kurtzman 403 U.S. 602 (1971

Plantiff spent 240 days confined unlaw-fully by Defendants, for his religious hairstyle,

Grievance Decision was rendered barring Defendants from punishing plantiff for his hair-style and Defendants Disregarded that order by there supervising office  exhibit A

68

Also plantiff have a Declaration by Two Prisoners that witnessed other Prisoners wear a Mohawk hairstyle and one prisoner even wore a Mohawk hairstyle in New York state prisons without punishment for Seven years and even Is willing to testify In the event of any Trial schedule exhibit B.

Defendants violated plantiffs right to the Free exercise of religion Deliberately and Maliciously which is Deliberate indifferance. all Defendants mentioned in Argument II are directed and bound by there oath of office and employee rules to respect the United States Constitution of America EXHIBIT C. all Defendants were given second Notice outside of there Rules BY plantiff that Defendants punishment of plantiff was a violation of Plantiffs united states constitutional rights exhibit D, also Defendants were made aware By plantiff grievances on the Affirmentioned. therefore Defendants Do not qualify for immunity as there conduct violated clearly established statutory and constitutional Rights which they knew and any reasonable officer

or official would have known see wright
v coughlin 31 f. supp 2d 301 (1998) vacated
225 f. 3d 647.

Plantiff suffered previous back injury
and Head injury and the unlawful punishment
by Defendants in violation of plantiffs
right to the free exercise of religion.
Plantiffs Back injury and Head injury
also caused By defendants (named later in
the summary Judgement Motion) and said
Violations caused plantiff emotional and
mental anguish as plantiff also had to
seek mental health and counseling from a
spiritual adviser because of the abuse by
defendants as well as constant Headaches.

For Defendants Deliberately and Mali-
ciously Violating plantiffs right to the free
exercise or religion plantiff request Damages
from Defendants in the amount of : Madison,
$75,000.00, Bey $56,000.00  Waugh $56,000.00,
webbe $175,000.00, Russo $250,000.00, Lee $575,000.00
Simmons $500,000.00, Wendland $225,000.00,
Miller $67,000.00 Williamson $125,000.00, cruz
$200,000.00, Sullivan $400,000.00 vanacore $100,000.00
Total Damages amount $2,703,000.00

# ARGUMENT

## III

## PLANTIFFS CONSTITUTIONAL RIGHT TO BE FREE FROM RETALIATION VIOLATED BY DEFENDANTS

It is settled law that an inmate has the right to the freedom of speech without inteferance or retaliation.

Freedom of speech is protected activity. Plantiff shows clear requisite causal connection between actions of prison officials and is sufficiant to prove First Amendment retaliation claims Exhibits A-E.

Plantiffs right to the freedom of speech to file Grievances and civil suits is protected, Defendants took adverse action against plantiff for him filing Gritvances and civil suits about there violations

71
~~428~~

of his freedom of expression by him wearing
a Mohawk haircut and his free exercise
of religion as plantiffs Mohawk haircut
is a religious symbol and there was
causal connection of abuse for plantiffs
speech and adverse action, and for plantiffs
Hairstyle.

Defendants retaliatory conduct – locking
Plantiff in a cell for 240 days because
Plantiff wrote grievances about Defen-
dants abuse and violation of plantiffs
freedom of exercise rights would
deter similarly situated individuals
of ordinary firmness from exercising
his or her first Amendment rights
constitute adverse action.

On or around November 11, 2014
Plantiff was found Not guilty of
refusing direct order for refusing
to cut his hair by Lt Simmons
as Lt Simmons acknowledged plan-

tiffs constitutional right to the freedom of expression and free exercise of religion. Exhibit D

ON November 29, 2014 inmate Mark Kelly 98A5915 witnessed Lt Madison complaining about plantiff being found Not guilty at the Disciplinary Hearing for refusing to cut His hair by Lt Simmons. Exhibit E, officer cruz Volunteered to assure that plantiff will be Punished. Plantiff wrote grievances after the Dismissal on Lt Madison. officer cruz sent officer williamson to write a Misbehavior report for plantiff refusing to cut his hair out of retaliation for plantiffs grievances—that Misbehavior report was also dismissed, again by Lt Simmons.

Sgt Bey wrote Plantiff a Misbehavior report for refusing to cut his hair

73
50

On or around December 23, 2014 out of retaliation again after plantiff was found Not guilty On Two occasions Exhibit E.

On or around January 16, 2015 Plantiff was found guilty for refusing to cut his hair by Dep wendland who was the hearing officer. officer kozak also wrote frivolous misbehavior reports against plantiff which was later Dismissed. officer waugh subjected plantiff to retallatory searches and worked in concert to punish plantiff for his grievances. sgt connor covered up the unlawful searches also out of retaliation, captain webbe, Dep russo and superintendant lee refused to stop there subordinates and also punished plantiff

74

out of Retaliation for Plantiffs
Grievances, Lt Simmons on or around
April 2015 found plantiff guilty of
Direct order refusal for refusing to
cut his hair and told plantiff
that captain webbe, Dep Russo and
Supt Lee told him he had too
after Lt simmons Dismissed the
same charges on two occassions,
exhibit E. officer Miller, sgt vana-
core and Sgt Barg also punished
plantiff for refusing to cut his
hair even after there supervising
officers banned them from doing
so. these actions were Done out
of retaliation for plantiff writing
grievance and wearing a mohawk hair
style.

75

Plantiff was confined to a cell for 240 day because of Defendants Madison, Bey, kozak, waugh, connor, webbe, Russo, Lee, Simmons, wendland, Hiller, williamson, cruz, Sullivan, vanacore and Baggs retalia- tion against plantiff for plantiff filing grievances about his hairstyle, said speech played a substantial part in Defendants adverse action that defen- dants while acting under color of state law, deprived Plantiff of his right to the freedom of speech secured by the constitution of the united states Davis v Goord united states court of appeals second circuit february 10, 2003   320 P.2d.346,

Plantiff request Damages by Defendants in the amount of : Madison $175,000.00, Bey $150,000.00,

76

Kozak  $ 15,000.00 , Waugh  $ 33,000.00
Connor  $ 100,000.00 , Webbe  $ 225,000.00 ,
Russo  $ 225,006.00 , Lee  $ 250,000.00 ,
Simmons  $ 425,000.00 , Wendland  $ 300,000.00,
Miller  $ 35,000.00 , Williamson  $ 125,000.00,
Cruz  $ 275,000.00 , Sullivan  $ 275,000.00,
Vanacore  $ 110,000.00 and Barg  $ 1,000,000.00 ,

Total Damages :  $ 3,393,000.00

ARGUMENT

IIII

PLANTIFFS CONSTITUTIONAL RIGHT
TO BE FREE FROM CRUEL AND UNUSUAL
PUNISHMENT AND ADEQUATE CONDITIONS
OF CONFINEMENT VIOLATED BY DEFEN-
DANTS.

It is settled law that an inmate has
the right to be free from cruel and unusual
punishment and the right to adequate prison
conditions.

Plantiff was locked in a cell that had
no feed up slot to receive meals. Plantiff
was not extended the courtesy officers
such as Henry to open the cell to hand
him his feed up treys. Plantiff was told
by officer Henry to climb up the bars and
slide his food through the slot by the ceiling.

Plantiff was also called Monkey and
Teased by officer Henry, when he climbed
to get his feed up trey. Plantiff had no other
choice but climb and get his feed up treys
or starve.

78

Plantiff ended up falling before falling
Plantife was forced to eat food with
hair, paint chips and dust in it because
plantiff had to take the lid off the
trey and slide the opening on the ceiling.

When plantiff fell from being forced to
climb up the bars to receive his treys plan-
tiff injured his back and had to be
admitted to the prison hospital for nearly a
week then assigned a cane to walk for
six weeks. plantiff still has back pain
that goes down the right side of his
back to his foot and medical has not
determined the damage extent of his
back injury.

Plantiff was also confined to a cell
that had urine and feces on and in the
toilet, and green spittal in the sink.
plantiff was denied cleaning supply. also
plantiff was confined to a cell that was
directly across from a window that
had a 8 to ten inch hole in it and the
weather outside was ten degrees and

79

there was no heat on in the unit. Defendant lee knew about all above conditions and refused to do anything. Defendant lee even refuse to give plantiff a extra branket or clothing as all plantiffs clothing was taken from him by officer williamson. Plantiff was forced to live in these conditions for months. plantiff ended up catching a cold and had small bumps on his body from the dirty cell.

Defendants webbe, lee, simmons and sullivan unlawfully confined plantiff. under the above conditions.

Plantiff was depressed and had to see mental health and spiritual counseling. these conditions caused plantiff mental anguish that aggrevated his back injury and the cold weather made his back ache, tighten and hurt beyond reason and caused plantiff to have headaches, plantiff eventually suffered a heart attack at thirty two years old from this Abuse Adding to the Abuse of plantiff being confined for refusing to cut his hair.

The constitution requires that conditions of confinement Must not phy- sically punish inmate or psychologically tear him down see Groseclose v Dulton 594 FS 949, and Rhodes v Chapman 452 U.S. 337.

By credible concerns of penological interest cruel and unusual standards draw its meaning from the "evolving standards of decency that marks the Maturing progress of Maturing society Trop v Dulles, 356 U.S 86 (1958)

In the case at bar the defendant caused plantiff physical harm and psychological harm by subjecting phantiff to uncon- stitutional confinement conditions that were no where near decent and was wanton infliction of physical and psychological pain that fell way below our societys demand of conditions for prisoner and defen- dants violations of plantiffs rights were deliberate indifferance see farmer v Brennan 511 U.S 825

prisoners are entitled to sanitary toilet facilities. Despain v Uphoff, 264 F. 3d 965 (10th cir 2001)

Prisoners should not be subjected to extreme cold and should be given bedding and clothing appropriate for the tempature Gaston v Litscher, 249 F 3d 156 (2d Cir. 2001.

Defendants webbe, lee, simmons, Henry and Sullivan unlawfully confined plantiff under cruel and unusual conditions or failed to remedy the issue. all defendant mentioned knew that these conditions were wrong and because plantiff refused to cut his Mohawk hairstyle that posed no threat to the safety or security of the facility Defendants allowed plantiff to suffer Deliberately under these unconstitutional conditions as mentioned in the above. therefore Defendants Do not qualify for immunity.

., there conduct violated clearly established statutory and constitutional rights which they knew and any reasonable official would have known see wright v coughlin 31 f.supp 2d 301 (1998) vacated 225 f.3d 647.

For Defendants Deliberately and Maliciously Subjecting plantiff to crvel and unusual punishment

82

Plantiff regvest Damages from Defen-
dants in the amount of Webbe $850,000.00,
Lee $1,250,000.00, Simmons $875,000.00,
$275,000.00, Henry $125,000.00, Sullivan
$850,000.00 Total Damages $4,250,000.00

all Defendants were acting under color
of State law and Had prior notice
of there violation and disregarded them.

83

# ARGUMENT

## IIIII

PLANTIFFS CONSTITUTIONAL RIGHT TO BE FROM UNREASONABLE SEARCHES VIOLATED BY DEFENDANTS.

It is settled law that an inmate has the right to be free from unreasonable searches in prison that has no penological purpose.

Officer Cruz and officer Williamson searched plantiff and strip searched plantiff only to intimidate, harass and punish plantiff for wearing a Mohawk hairstyle and refusing to cut it. Sgt Connor covered up for Defendants and even signed paperwork to allow Defendants to strip search plantiff only too Harass, intimidate and Punish plantiff. Officer Williamson also search plantiffs cell leaving it in disarray also only too Harass, intimidate and Punish plantiff which is unconstitutional and a violation of plantiffs Fourth Amendment right to the United

states constitution, see scher V. Engelke
943 F.2d 921, 923-24 (8th cir, 1991) ; ~~Jean Laurent~~
~~V. Wilkeson~~ ~~540 F. Supp. 2d 501~~ ~~(S.D.N.Y 2008)~~

Defendants were aware that there
violations of plantiff were unconstitutional
therefore they Do not qualify for immunity,
[Exhibit G) is a declaration by plantiffs
witness that witnessed plantiff being
searched unreasonably.

Plantiffs Damages Demand by Defendants,
connor $110,000.00, Williamson $325,000.00,
cruz $400,000.00  Total Damages $835,000.00

ARGUMENT

I I I I I I

PLANTIFFS CONSTITUTIONAL RIGHT
TO ACCESS READING MATERIALS INCLU-
DING RELIGIOUS READING MATERIALS
VIOLATED BY DEFENDANTS.

It is settled law that a prisones
have a constitutional right to access
reading Material and Relligious reading
Material.

captain webbe Defendant Directed
officer to confiscate plantices reading
Material and religious reading Material
as a punishment for plantife filing
grievance and refusing to cut his hair.
Defendant lee as his supervisor upheld
this unconstitutional Decision by his
subordinate and Defendant Simmons gave
plantife 30 days confinement for having
a yoga magezine                    (exhibit H)

Their was no legitimate penological
interest for Defendants to deny plantiff
reading Material, see Thornburgh v. Abbott
109 S.Ct. 1874.

86

Defendants Simmons, lee, and webbe Deli-
berately Violated plantiffs right guarenteed
by the united states constitution, they Did
So Deliberately and therefore Defendants Do not
qualify for immunity.

Damages Demand against Defendant,
Simmons $200,000.00, Lee $100,000.00,
Webbe $85,000.00   Total Damages $385,000.00

## ARGUMENT

## I I I I I I I

## PLANTIFFS CONSTITUTIONAL RIGHT TO ACCESS TO THE COURT VIOLATED BY DEFENDANTS

It is settled law that prisoners have a right to access the court.

Defendant Calao was made aware that Plantiff was keeplock confined and couldn't physically get to the law library to do research and need a law clerk to assist him.

Defendant Calao refused to appoint Plantiff a inmate law clerk and instead forced Plantiff to use a book request system making research very hard and time consuming and without additional measures some courts have held that such system violates the right to access the court see Trujillo v williams, 465 F.3d 1210 (10th cir 2006) Morange v. Fontenot, 879 F.Supp.679 (E.D. Tex, 1995)

88
69

By plantiff being restricted to a book dropping
system with no inmate legal assistance plantiff
lost a civil suit against the city of utica
police department for brutality that plan-
tiff was unable to appeal because he had no
help and was denied copies also plantiff
was unable to do Article 78 to the court
because of the book dropping system with
no assistance. (EXHIBIT I)

Defendants Jennings and Lasbatte held
plantiff Appeal brief for three weeks before
mailing it and once the court received
it, it was untimely and dismissed. if
Defendants Jennings and Lasbatte would
have sent plantiff appeal brief expeditiously
as they suppose too plantiff would have
won his Appeal and been released from
prison. Procunier V. Martinez 94 S.Ct. 1800 (EXHIBit

Defendant Jennings and Lasbatte also
refused to mail plantiffs Mail to the
Doccs Commissioner to allow plantiff

89

to make him aware of the abuse plaintiff continued to face at his prison, in order cover up for her supervisors, this violates the first Amendment which protects against unjustified governmental interference with the intended communication.

Defendants calao, Jenning, and Labbatte Deliberately violated plantiff right to access the court and therefore oo. not qualify for immunity

Damages Demand by plantiff. Defendant calao $375,000.00, Jennings $1.?,000.00, Labbatte $225,000.00  Total Damages: $775,000.00

## ARGUMENT

I I I I I I I

PLANTIFFS CONSTITUTIONAL RIGHT TO BE
FREE FROM EXCESSIVE FORCE AND SEXUAL
HARASSMENT VIOLATED BY DEFCNDANT

It is settled law that an inmate has
the right to be free from excessive force
and sexual Harassment.

On three occasions Defendant cruz
intentionally made contact with plantiffs
geitalia, Buttock, thighs and chest in
a intimate Dominatrix way that served
no Penological purpose and was undertaken
with the intent to humiliate plantiff which
Violates plantiff 8th Amendment right
see shannon v venetozzi 670 Fed. Appx
29 (2d cir 2016)

The pat frisk was not justified
as plantiff was designated to be
pat frisked by another officer and
on another occasion plantiff was
already pat frisked and never left

90

the eye sight of officers when Defendant cruz pat frisked plantiff for a second time, subjecting plantiff to sexual touching see crawford v cuomo. 796 f.3d 252,254, 257 (2d circuit 2015)

Defendant cruz after being made aware that plantiff wrote grievances about him sexually touching plantiff - he got furious. as plantiff was on his way to recreation the rec officer told cruz he would frisk plantiff and Defendant cruz told the officer that he was gonna frisk Plantiff, plantiff was uncomfortable with officer cruz frisking him. When plantiff got on the wall to be frisked by officer cruz, officer cruz kicked plantiffs feet apart, pulled plantiffs pants between his buttocks and banged plantiffs head against the wall leaving a permanent knot on the Right side of plantiffs forehead and causing plantiff to have migraine headaches and eye ache on the right side. because of the abuse along with prior abuse plantiff had a heart attack from stress. see sims v Artuz 230 f.3d 14 (2d cir 2000)

92

Defendant cruz violated plantiffs right
Deliberately and maliciously. Defendant
cruz showed wanton disregard for
the law and statutes and therefore
do not quallfy for immunity.
Damages requested: Defendant cruz
$1,090,000.00 Total damages 1,090,000.00

93

ARGUMENT

I I I I I I I I

PLANTIFFS FOURTEENTH AMENDMENT
RIGHT TO DUE PROCESS VIOLATED BY
DEFENDANTS.

It is settled law that an inmate
has the right to Due process and a
fair and impartial Hearing officer
Defendant Lee purposely Denied
plantiff the right of Due process out
of retaliation for plantiff refusing
to cut his hair and filling Grievances.
Defendant Lee continued to
Punish plantiff for refusing to cut
his hair even after his supervising
office agreed that it was uncon-
stitutional to do so see (Exhibit
A).

Defendant Lee was aware that plan-
tiff had a constitutional right

94

to exercise and express his religion
and indivivality as Defendant
employee Manual Directs him to
follow the constitution...see(Exhibit
C)

Defendant lee subjected plantiff
to confinement that was atypical
Hardship. plantiff was confined to
a cell that was freezing cold
with no extra bedding or clothing
and ended up getting sick.

Plantiff was also confined to
a cell that had no way for plantiff
to receive food other than to climb
up the cell bars to the celling and
pull a food opett trey through
the top of the cell and paint
chips, oust and hair was in plantiffs
food because of the celling it rubbed
against. plantiff ended up falling
and injuring his back and had to

95

stay in the prison Medical Hos-
pital for nearly a week and use
a cane for 6 weeks just to walk.

Defendant also confined plantiff
to a cell that had feces and urine
on the toilet seat and around the
toilet Bowl and spittal in the
cink that was clumped in Green
Globs and plantiff was denied
cleaning supply and ended up getting
little Bumps on his body from
the dirty cell. this atypical
Hardship lasted for 240 days.

Defendant could have stopped
this abuse and was directed too
and refused out of retaliation
as Defendant was the Hearing Appeal
official and Denied plantiff a fair
Hearing and falle to be fair and
impartial.

96

Defendant Webbe, Russo, Simmons and Wendland were also hearing officers and punished plantiff for refusing to cut his hair. under atypical and Hardship confinement subjecting plantiff to a cell that had feces and urine on the toilet and caked up in the toilet bowl, Green globs of spittel in the sink and dust all over the cell as plantiff was denied cleaning supplys and ended up having to climb up a cell bars and slide food open treys on the ceiling and paint chips, dust and hair getting in plantiffs food. as officers refused to open his cell to hand him his food treys. plantiff ended up falling and injuring his back climbing to get a trey.

plantiff was hospitelized for a week and give a cane to

Walk for 6 weeks.

Defendant Simmonson two occ-
assions Dismissed plantiffs Hearing
and wrote that plantiff had a
right to his hairstyle. only
to later find plantiff guilty
of the same charge he dismissed
prior and stated off the record
that he had to do it because
his supervisors (Webbe, Lee and
Russo) told him too. see exhibit
D)

All Defendants violated
plantiffs Due process right to
have a fair and impartial hearing
officer and subjected plantiff
to confinement that was atypical
hardship see Hooker v Fournier
29 Fed. Appx.641 (2dCir 2002) and
Sira v Morton 380 F.3d 57 (2d Cir2004)
and confined plantiff for 240 days,

98

Defendants Webbe, Lee, Russo, Simmons
and Wendland violated plantiffs Right
to Due process Deliberately and Maliciously.
they are ordered by there oath of
Office and employee Rules to respect
the united States constitution see
(Exhibit C Lawful comportment 2.2.)

all Defendants were given second Notice
outside of there Rules By plantiff that
Defendant punishment of Plantiff
was a violation of plantiffs united
States constitutional rights see
(exhibit D) therefore defendants do
not qualify for immunity as there
conduct violated clearly established
statutory and constitutional
rights which they knew and any
reasonable officer or official
would have known see wright v
coughlin 31 f, supp 2d 301 (1998)
vacated 225 F.3d 647

plantiff had to see mental health
because of the above abuse.

Plantiff Demand Damages By Defendant:
Lee $ 750,000.00, webbe $ 750,000.00,
Russo $ 750,000.00, simmons $ 750,000.00,
and wendland $750,000.00. total
Damages: 3,750,000.00

# ARGUMENT

## I I I I I I I I I

### DEFENDANTS FAILURE TO SUPERVISE LEADING TO THE VIOLATION OF PLANTIFFS CONSTITUTIONAL RIGHT

It is settled law that supervisor who learns of a violation of a inmates rights and fail to do anything to fix the situation, adequately train or supervise his or subordinates is responsible for the violations of an inmates rights.

In the case at bar. Defendants Lee and Annucci were aware (as they walk around Eartsen correctional facility and inspect the prison) that the cells at Eastern correctional facility had no way for inmates to receive food if they

101

are confined. Defendants lee and
Annucci did nothing even after plan-
tiff fell and injured his back by
having to climb and get food
and was left to walk with a
cane for 6 weeks.

Defendants lee also did nothing
after plantiff made them aware
that he was being punished and
confined for wearing a mohawk
hairstyle that posed no threat to
safety security or order of the
facility see (exhibit D)

Defendant lee and Defendant
Annucci as being the superintendant
and commissioner knew that
plantiffs confinement was
unconstitutional and plantiff
being punished for his hairstyle
was unconstitutional as there
employee manual directs them

79 /02

clearly to uphold the constitution. there Defendants Don't qualify for immunity see Ashcroft V. Iqbal, 129 s. Ct. 1937 (2009) and employee Manuel that direct Defendants to follow the constitution before any Prison policy see (exhibit C)

Plantiffs Damages Demand of Defendants) Lee $225,000.00, and Annucci $750,000.00 Total Damages $975,000.00

103

ARGUMENT

I I I I I I I I I I

DEFENDANTS DESCRIMINATED
AGAINST PLAINTIFF VIOLATING
PLAINTIFFS RIGHT TO THE EQUAL
PROTECTION OF LAW AND SUBJECTED
PLAINTIFF TO CRUEL AND UNUSUAL
PUNISHMENT BY SEXUALLY TOUCHING
APPELLEE AND ASSAULTING HIM AS
WELL AS VIOLATING HIS FIRST AMEND-
MENT RIGHT TO SPEECH and RELIGION
OFFICER krantz put his hands/fingers
in plantiffes Anal Hole in an attempt to
Deman and Humiliate Appellee - this is a
Violation of the 8th Amendment.

Sgt John Doe keeplocked Appellee
for wearing A mokawk hairstyle And
officer Brady Assaulted Appellee for
wearing a Mohawk hairstyle and writing
Grieuances.

Sgt John Doe sent Appellee to the
Box after several officers keeplocked
Appellee for his Mohawk Hairstyle.
This was extremes abuse

104

Therefore Appellee should not have been
denied a request to file a second
Amended complaint as these incidents
were connected.

## ARGUMENT

### I I I I I I I I I I I

### DEFENDANTS VIOLATED
### COURT ORDER LEAVING
### THEM IN CONTEMPT
### OF COURT

Sgt T. Will John Doe Head cook
and SORC BlackBourne who collectively
Made up the Program Committee Denied
Appellee a Prison Job based on his
hair style even after Appellee showed them
the restraining order preventing them from
Doing so, this is contempt of court.
Also Sgt Sheftic and C.O Gifford
keeplocked Appellee after they saw Appellees
court order preventing them from doing
so this is Also contempt of court.

105

CONCLUSION

The federal constitutional right
to the freedom of expression and the
free exercise of religion by plantiff
wearing a Mohawk hairstyle is guaren-
teed unless an inmates expression or
exercise pose a threat to the safety
security or order of the facility. it
is clearly shown that plantiffs Hair-
style posed no threat to the safety
security or order of the facility and
Defendants punishing plantiff for
his hairstyle is a violation of his
constitutional rights.

Defendants retaliated against
Plantiff for plantiff writing grievances
and refusing to cut his hair, plan-
tiff showed causal connection to
his protected rights.

106

Defendant confined plantiff under inhumane conditions that caused plantiff mental and physical injury unlawfully.

Plantiff was subjected to unreasonable searches just to harrass plantiff

Plantiff was punished for having reading material for no penological reason.

Plantiff was assaulted and sexually touched by defendants just to humiliate plantiff.

Plantiff was denied the access to the court by defendants and was caused actual injury.

Defendants denied plantiff the right to due process by not being fair and impartial and use the hearing forum as a means to retaliate against plantiff.

82   107

Defendants lee and Annucci failed to supervise there subordinates as they were aware that there subordinates was subjecting Appellee to unconstitutional punishment.

All Defendants had reasonable basis to believe there actions were violating plan- tiffs rights and therefore do not qualify for immunity

The court should therefore deter- mine that Defendants violated Appelles rights deliberately and enter Judgement granting defendant damages in the amount

of $20,613,000,00 or in the Alternative reverse the case

Respectfully submitted

To: AAG Dustin Bruckner
The capitol
Albany N.Y 12224

Javell Fox Pro Se
Fishkill C.F
Box 1245
Beacon N.Y 12508

108

CERTIFICATE of COMPLIANCE

I, Javell Fox, certify that this brief is
14,000 words or less

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

JAVELL FOX

v.

SUPERINTENDENT LEE et al

**CERTIFICATE OF SERVICE***

Docket Number: 22-2916

I, _Javell Fox_, hereby certify under penalty of perjury that
(print name)
on _February 28, 2023_, I served a copy of _Appellate Brief and_
(date)
_Appendix_
(list all documents)

by (select all applicable)**

___ Personal Delivery    ✓ United States Mail    ___ Federal Express or other
                                                        Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| U.S Ct Of app 2d Cir | 40 Foley Sq | N.Y | N.Y | 10007 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_February 28, 2023_
Today's Date

_Javell 2_
Signature

Certificate of Service Form (Last Revised 12/2015)

110

EXHIBIT - A

Case 22-2916, Document 48, 03/02/2023, 3478218, Page116 of 146

Case 9:15-cv-00399-TJM-ML   Document 111-2   Filed 07/17/17   Page 5 of 56
Case 9:15-cv-00399-TJM-CFH   Document 105-2   Filed 6/14/17   Page 2 of 6

| NYS Corrections and Community Supervision | Grievance Number ECF-26147-14 | Date Rec'd 1/49 | Date Filed 12/10/14 |
|---|---|---|---|
| ANDREW M. CUOMO Governor | ANTHONY J. ANNUCCI Acting Commissioner | | Hearing Date 4/29/15 |
| | Facility Eastern NY Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Harassment/Retaliation | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration. CO W. randomly pat frisked the grievant on 12/7/14 and found a slit cut into the waistband of his pants. Sgt. C. directed CO W. to frisk the grievant only he contested four similar pairs of pants and denies being unprofessional. CORC asserts that there is no requirement in Department policy for a sergeant to authorize pat frisks, and notes that religious headwear must be removed during a frisk to allow security staff to visually inspect the hair. In addition, Lt. M. and Cd C. both deny harassing the grievant or being observed being unprofessional. CORC noted that he was issued a misbehavior report on 12/8/14 because his hairstyle was non-compliant with Directive #4914 and he is currently being rebarded. Staff indicate that the grievant changes his hairstyle prior to disciplinary hearings to be in compliance, but changes it back after hearings are complete.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (n) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

CORC notes that the grievant may write to whomever he wishes regarding this complaint, as long as they are not on his Negative Correspondence and Telephone List. CORC advises him that he may initiate a Freedom of Information Law Request (FOIL) for consideration to obtain the documents he is requesting in accordance with existing facility procedures; and to address safety matters to area supervisory staff.

With respect to the grievance's appeal, CORC notes that he did not identify any witnesses in either the instant complaint or upon interview with Captain W. on 12/12/14 and finds insufficient evidence of malfeasance by staff. He is advised to address correspondence issues to mailroom staff, and medical concerns via sick call.

CMV/nj

This document has been electronically signed by Jeffery A. Hale

# EXHIBIT B

Case 22-2916, Document 48, 03/02/2023, 3478218, Page118 of 146

Case 9:15-cv-00390-TJM-ML   Document 111-2   Filed 07/17/17   Page 7 of 56
Case 9:15-cv-00390-TJM-CFH   Document 105-2   Filed 06/14/17   Page 6 of 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVELL FOX                          CASE NO: 9:15-CV-00390
                                    TJM/CFH
            Plantiff
                                    DECLARATION
            V
SUPERINTENDENT LEE et al
            Defendant

        I  MR. Jason L. Clarke  have wore a Mohawk
hairstyle My entire time in prison and have
never been Harassed or punished for wearing
a Mohawk hairstyle. I have also witnessed
numerous of other prisoners wear a Mohawk
hairstyle in department of corrections and
community supervision prison facilitys including
Attica correctional facility where I am
currently housed with the plantiff and these
prisoners also were not punished for
wearing a Mohawk hairstyle. I Declare that
the foregoing statement is true and
accurate.
        Dated: April 25, 2017

                            Mr. Jason L. Clark Jr. Din # 10-B-3342

        Witness bye:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVELL FOX

           Plantiff

      against

SUPERINTENDANT LEE et al

        Defendant

Declaration
CASE NO.:
9:15-CV-00390
TJM-CFH

    I __Paublo Centero 14-A-1388__ witnessed a
officer at Great Meadows correctional
facility stop at the cell Javell fox
is held at and tell him to cut
his hair, that "Mohawk haircuts is not
allowed in his prison". I have also
witnessed many prisoners around
Great meadow correctional facility
wear a Mohawk haircut. this state-
ment is true and accurate.

May 1, 2017

Paublo Centero

# EXHIBIT C

STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES



EMPLOYEES' MANUAL

Revised 9/07

## SECTION 2

## CONDUCT AND ACTIVITIES OF EMPLOYEES

2.1    Personal Conduct. No employee, whether on or off duty, shall so comport himself/herself as to reflect discredit upon the Department or its personnel.



2.2    Lawful comportment. An employee shall not knowingly or willingly violate any law or ordinance of the United States or the State of New York or any rule, regulation, or directive of the Department. Any conduct constituting disorderly conduct, or a violation which alleges possession and/or use of a controlled substance, or a misdemeanor or a felony may be the basis for disciplinary action whether or not prosecution or a conviction results.

2.3    Report of arrest An employee who is charged with any felony, any misdemeanor, or any violation which is drug related must report the specifics of the charge(s) in writing to his or her supervisor as soon as possible but in any event no later than the first day he or she reports to work following the arrest or citation. The disposition of the charge must be reported within one week thereof. See Directive #2112, "Report of Criminal Charges."

2.4    Report of summons. An employee shall immediately report in writing to his supervisor the receipt of any summons or subpoena in connection with the work or investigation of a legally constituted public body.

2.5    Compliance with orders. A lawful order given by a superior to a subordinate shall be executed promptly and properly by the subordinate. Thereafter, the subordinate may appeal the order through channels or in accordance with established grievance procedures. In the event an employee receives conflicting orders from one or more persons of equal authority, the last order received shall be executed.

2.6    Communications. All oral and written communications between all employees shall be accomplished in a professional, courteous, and cooperative manner.

2.7    Affiliations. An employee shall not join or otherwise affiliate himself with any organization, body, or group of persons when such association or affiliation will place his personal interest or interest as a member of such group in conflict with or otherwise interfere with the impartial and effective performance of his duties as an employee.

2-1

# EXHIBIT D

Eastern correctional Facility, P.O.Box 338, Napanoch.N.Y 12458
To: Superintendant, commissioner, Attorney General, Governer

U.S Constitution 1st Amendment and
New York STATE CONSTITUTION: "NOTICE"

congress shall make no law prohibiting the
exercise of religion, therefore my
hairstyle is a exercise of that law
guarenteeing me a Right to freedom of
Religion, that can only be limited in the
Department of corrections if it poses a
threat to security, safety or the order
of the facility. My Hairstyle poses no threat
to safety or security or the order of
the FACILITY, so if any officials infringe
on my Right to exercise my religion through
the expression of my Hairstyle these officers
or officials will be held to proceed in Answer
and argument in there official capacity for
not being trained properly and made aware of
the Right to prisoners, Ny corr law 610(1) under the
constitution, period! but primarily in regards to
Freedom of religion practice, exercise and
expression. They will also be held to Answer and
Argue in there personal capacity, I am making
you aware of my Right, any further violations
there of is intentional infringement. you
are the principle, you Have been notified, notice to
the PRINCIPLE is Notice to the Agent - Amaker V.
Goord, 2012 (W.D, N.Y, Aug 16, 2012).

Form 2171A (1/12)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## EASTERN CORRECTIONAL FACILITY
## Inmate Misbehavior Report ~ Informe De Mal Comportamiento Del Recluso

| 1. Name of Inmate (Last, First) ~ Nombre Del Recluso (apellido, nombre) | No. ~ Num | Housing Location ~ Celda |
|---|---|---|
| FOX, JAVELL | 12B1626 | SH-12-8 |
| 2. Location of Incident ~ Lugar Del Incidente | Incident Date ~ Fecha | Incident Time ~ Hora |
| YARD GATE | 11/9/2014 | APPROX 10:30AM |

3. Rule Violation(s) ~ Violaciones

106.10 DIRECT ORDER

4. Description of Incident ~ Descripcion Del Incidente

On 11/6/14 I, Officer J. Szkred, observed Inmate Fox 12B1626 with the sides of his head shaved and 1 large braid down the center of his head. I counseled Inmate Fox and ordered him to fix his hair to be in compliance with directive 4914 Inmate Grooming Standards. On 11/9/14 I observed Inmate Fox with the same hair style and when I questioned him about it he said "I'm not going to change my hair". Inmate Fox admitted that he is going to continue to defy the rules set forth in directive 4914. Area Sergeant Fassetta was notified and Inmate Fox was placed on keeplock status. It should be noted that Inmate Fox has been counseled for the same infraction by numerous security staff in the recent past, including Lt. E. Madison on 11/6/14.

| Report Date ~ Fecha | Reported by ~ Nombre De La Persona Que Hace El Informe | Signature ~ Firma | Title ~ Titulo |
|---|---|---|---|
| 11/9/2014 | J. Szkred | *J. Szkred* | C.O. |

5. Endorsements of other employee witnesses (if any)          Signatures:
Endosos De Otros Empleados Testigos(si hay)          Firmas

2                                                          1
                                                          3

Note: Fold back page 2 on dotted line before completing below

6. Were other inmates involved?   ☐ Yes   ☐ No   if yes, give name & #

7. At the time of this incident, was inmate under prior confinement/restriction?   ☐ Yes   ☐ No   or
As a result of this incident, was inmate confined/restricted?   ☐ Yes   ☐ No

8. Was inmate moved to another housing unit?   ☐ Yes   ☐ No
If yes, (a) current housing unit _____   (b) Authorized by _____

9. Was physical force used?   ☐ Yes   ☐ No   (if yes, file form 2104)

Area Supervisor Endorsement _____

Dist: WHITE - Disciplinary Office  CANARY - Inmate (After review)

11/10/14.   9:15 AM

3 copies

11/10/14        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   1
DCP004                        DISCIPLINARY  HEARING DISPOSITION RENDERED          (EX B)

                EASTERN GEN                         TAPE NUMBER

DIN: 12B1626 NAME: FOX, JAVELL                      LOCATION: SH-12-018

INCIDENT DATE & TIME:        11/09/14   10:30 AM    TIER 2

REVIEW DATE:                 11/10/14         BY:  LT   CAPUTO

DELIVERY DATE & TIME:        11/10/14   09:15 AM  BY:  CO   MAYR

HEARING START DATE & TIME:  11/12/14 10:47 Am BY:  LT Simmons

HEARING END DATE & TIME:  11/12/14 11:03 Am BY:  LT Simmons


CHARGE
NUMBER        DESCRIPTION OF CHARGES              REPORTED BY        DISPOSITION

106.10    REFUSING DIRECT ORDER              CO   SZKRED                NG
------    -----------------------            ----  -------------------------


ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

PENALTY                       PENALTY  START   RELEASE SUSPEND   DEFERRED RESTITUTION
CODE    DESCRIPTION           MO DAYS  DATE      DATE  MO DAYS   MO DAYS  $$$$ . $$
-----    DISMISSED    -----

0605

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   2 (EXB)
DISCIPLINARY HEARING DISPOSITION RENDERED

DIN: 12B1626 NAME: FOX, JAVELL

HEARING DATE: 11/12/14

A. STATEMENT OF EVIDENCE RELIED UPON:
------------------------------------

~~THE W TEP~~ INSUFFICENT EVIDENCE TO
SUPPORT THE CHARGE; HAIR CUT/STYLE IS
PERMITTED IAW DIR 4914,

B. REASONS FOR DISPOSITION:
~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED: 11/12/14

_____     X_____, 11/2/14  11:03/A
   HEARING OFFICER SIGNATURE       INMATE SIGNATURE   DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

___FOR TIER II HEARINGS-APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.
                                   ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~

___FOR TIER III HEARINGS-APPEAL TO COMMISSIONER WITHIN 30 DAYS.
                                   ~ ~ ~ ~ ~ ~ ~ ~ ~ ~     ~ ~ ~ ~ ~

# EXHIBIT E

I <u>MARK KELLY</u> was Leaving west wing on or around 9:00AM. at that time I heard Lt Madison complaining that Javell Fox was found Not guilty at a disciplinary hearing for his hair, officer cruz told Lt. Madison that when he see Javell Fox he is gonna write him a misbehavior report; this statement occured on November 29, 2014. on December 2, 2014 I told Javell Fox what was said.

*[signature]*

98A5915

# EXHIBIT F

FORM 3105A (7/11)       STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Fox, Javell | 12B 16.26 | 10/26/82 | FMMCF |

**Subjective:** Admit to unit

**Objective:** ① Motrin 600mg PO TID
② Bed. rest.

**Assessment:** ③ Lumbago  ④ Prednisone 60mg X1 dose now & in AM tomorrow

**Plan:**

Last Name: Fox  Javell
DIN: 12B1626  Location: _____
Date: 12/03/14  Time: _____
Provider Orders:

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** Per MD order : D/C
to gen. pop from infirmary.
D/C Prednisone and Medrol.

**Objective:**

**Assessment:** x-ray of LS spine. Med nestichous as orderd.
I'm made aware of the above, and in agreement

**Plan:**

Last Name: Fox  Javell
DIN: 12B162  Location: _____
Date: 12/26/14  Time: 12³⁰ p.
Provider Orders:

Signature/Provider # _____ #412    RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:**

**Objective:**

**Assessment:**

**Plan:**

Last Name: Fox  Javell
DIN: 12B162  Location: _____
Date: _____  Time: _____
Provider Orders:

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## EASTERN NEW YORK CORRECTIONAL FACILITY
PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

TO: **Housing Unit Officer**

FROM: Medical Health Unit: _ANDOLA_ (RN/MD/DDS)

SUBJECT: **MEDICAL LIMITATIONS**

DATE: _1 / 30 / 15_

NAME: _Fox, Javell_ DIN: _12B1626_

☐ Inmate should remain in his cell.

☐ Shower on block per block routine.

☐ No strenuous exercise or competitive physical sports.

☐ Move to Flats/First Tier.

☐ No lifting more than _____ lbs.

☐ No work.

☒ May return to work and full program.

☐ Bottom bunk only.     ☐ No double bunking.

☐ Permit for medical appliance: _____

TO RETURN APPLIANCE BY: ____/____/____

☐ Others: _____

Duration: Date From: _1/30/15_     Expiration Date: _____

_Javell Fox_
Signature of Inmate

Note: This pass shall be rescinded if inmate is found to participate in activities or sports not consistent with the pass. All passes expire on stop date. Renewal of pass shall be granted solely on the basis of medical condition.

**I have verbally demonstrated understanding of the above to health care provider listed above.**

Distribution:  White - Medical Record
Green - Program Assignment
Pink - Housing Unit Officer
Yellow - Yard Sergeant
Goldenrod - Inmate

0243

STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**EASTERN NEW YORK CORRECTIONAL FACILITY**
PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

TO: **Housing Unit Officer**

FROM: **Medical Health Unit:** _ANOOLA_ (RN/MD/DDS)

SUBJECT: **MEDICAL LIMITATIONS**

DATE: _1/20/15_

NAME: _Fox, Javell_  DIN: _12B1626_

- [ ] ~~Inmate should remain in his cell.~~
- [x] Shower on block per block routine. _ends 1/26/15_
- [x] No strenuous exercise or competitive physical sports. _ends 3/26/15_
- [ ] ~~Move to Flats/First Tier.~~
- [x] No lifting more than _20_ lbs. _> ends 2/3/15_
- [x] No work. _ends 2/3/15_
- [ ] ~~May return to work and full program.~~
- [ ] ~~Bottom bunk only.~~ [ ] ~~No double bunking.~~

- [x] Permit for medical appliance: _CANE TO AMBULLATE_
  TO RETURN APPLIANCE BY: _2/3/15_

- [ ] Others: _____

**Duration:** Date From: _1/20/15_   Expiration Date: _3/26/15_

X _Javell Fox_
Signature of Inmate

> Note: This pass shall be rescinded if inmate is found to participate in activities or sports not consistent with the pass. All passes expire on stop date. Renewal of pass shall be granted solely on the basis of medical condition.

**I have verbally demonstrated understanding of the above to health care provider listed above.**

Distribution:  White - Medical Record
Green - Program Assignment
Pink - Housing Unit Officer
Yellow - Yard Sergeant
Goldenrod - Inmate

0244

STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## EASTERN NEW YORK CORRECTIONAL FACILITY
PO BOX 338
30 INSTITUTION ROAD
NAPANOCH, NEW YORK 12458
(845) 647-7400

TO:        **Housing Unit Officer**

FROM:      **Medical Health Unit:** _Dr Gusman_                    (RN/(MD)/DDS)

SUBJECT:   **MEDICAL LIMITATIONS**

DATE:      _12 / 26 / 14_

NAME:      _Fox, J_                          DIN: _12B1626_

- [ ] ~~Inmate should remain in his cell.~~
- [x] Shower on block per block routine. _X 1 month ( 12/26/14 – 1/26/15)_
- [x] No strenuous exercise or competitive physical sports. _No sports x 3months (12/26/14 – 3/26/1_
- [ ] ~~Move to Flats/First Tier.~~
- [ ] ~~No lifting more than _____ lbs.~~
- [ ] ~~No work.~~
- [ ] ~~May return to work and full program.~~
- [ ] ~~Bottom bunk only.~~   [ ] ~~No double bunking.~~
- [x] Permit for medical appliance: _Cane  x 2weeks (12/26/14 – 1/9/15)_

TO RETURN APPLIANCE BY: _1 / 9 / 15_

- [x] Others: _No programs  x 2weeks (12/26/14 – 1/9/15)_

_____

Duration: Date From: _____      Expiration Date: _____

_Garull_
Signature of Inmate

> Note: This pass shall be rescinded if inmate is found to participate in activities or sports not consistent with the pass. All passes expire on stop date. Renewal of pass shall be granted solely on the basis of medical condition.

**I have verbally demonstrated understanding of the above to health care provider listed above.**

Distribution:   White - Medical Record
                Green - Program Assignment
                Pink - Housing Unit Officer
                Yellow - Yard Sergeant
                Goldenrod - Inmate

0245

# EXHIBIT G

(Ex C)

I Bennett Esquilea #98 A4911 was sitting in my cell on December 7, 2014, when I over heard the conversation between the inmate in 12-18 and the officer who was frisking his cell. The officer gave a direct order to the inmate in 12-18, to step out of his cell and place his hands above his head, so that he could pat frisk, the inmate complied with the order the officer than gave the inmate another order "to stand and face his cell while he conduct a cell search of his cell" The inmate complied with that order also. The officer than ask the inmate, did he know why his cell was being search, "the inmate "replied that he didn't know why" the officer than stated, "that the reason why the inmate cell was being search, is because he was given a direct order to cut his hair by the "Lieutenant and that he was not in compliance with the direct #4914 of hair styles, The inmate than replied to the officer "That he was in fact in compliance with the direct #4914," and that he receive a misbehavior report for the same hair style before, and that the Lieutenant who did his hearing dismiss all charges against him being in compliance with the direct #4914" The officer than ask the inmate "did he have the disposition of the hearing," the inmate replied "yes" the officer than stated that the hearing Lieutenant did not know what he was talking about and that the Lieutenant was wrong in his decision and that the other Lieutenant was right about his hair style not being in compliance with the direct #4914, and that he will be keeplocked again for having that hair style

B. Esquilea
98 A4911

Date: 12/8/14

# EXHIBIT H

Case 9:15-cv-00390-TJM-ML    Document 111-2    Filed 07/17/17    Page 27 of 56

FORM 2171B (1/12)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
Side 2

*EASTERN* _____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| *Fox* | 12B1626 | B3-29-1 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| B3-29-1 | 6/16/15 | 9:15/A |

3. RULE VIOLATION(S) ♦ VIOLACIONES

107.20 Lie
113.22 Unauthorized article in Unauthorized area.
113.23 possession of unauthorized item    181.10 Comply disposition

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date and time while Searching 29-1 inmate fox's cell I found the following contraband. 29 magazines. Fox stated he was authorized to have 2 yoga magazines because they were religous material. I confirmed with the Iman that yoga magazines are not a religous item. Upon further investigation I discovered Fox Had been issued a disposition of loss of personal property from April 10th to July 8th 2015.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 6/16/15 | T. Colletti | T. Colletti | C.O. |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)    SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)    FIRMAS:  1. _____

2. _____    C. 2614 G-17-15 _____    No offered

NOTE: Fold back Page 2 on dotted line before completing below.

DATE AND TIME SERVED UPON INMATE 6-17-15  10:25 AM    NAME AND TITLE OF SERVER CO Sylvia

FECHA HORA DADO AL RECLUSO _____    NOMBRE Y TÍTULO DEL QUE ENTREGA

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO

**REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)**

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, pueda escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution:  WHITE - Disciplinary Office    CANARY - Inmate (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (después de la resión)

DIN: 12B1626 NAME: FOX, JAVELL        HEARING DATE: 6/30/15

A. STATEMENT OF EVIDENCE RELIED UPON:

THE WRITTEN MBR REPORT AND YOUR TESTIMONY AT THIS HEARING THAT YOU HAD EXCESS MAGAZINES, NEWSPAPERS, ECT. IN YOUR POSSESSION WHILE ON LOSS OF PROPERTY, YOUR LA CLAIM OF YOGA AS A RELIGION IS NOT RECOGNIZED

B. REASONS FOR DISPOSITION:

TO REENFORCE TO YOU AND THE POPULATION THAT YOU MAY ONLY HAVE AUTHORIZED ITEMS IN YOUR POSSESSION; ACQUIRED IAW P+P. AND THAT ALL STATEMENTS TO STAFF MUST BE TRUTHFULL

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS

06/17/15        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   1
DQP004                    DISCIPLINARY  HEARING DISPOSITION RENDERED

                    EASTERN GEN                      TAPE NUMBER  15-108
                                                                  15-112

DIN: 12B1626 NAME: FOX, JAVELL                    LOCATION: B3-29-001

INCIDENT DATE & TIME:      06/16/15   09:15 AM   TIER 2

REVIEW DATE:               06/17/15             BY: LT  HUFF

DELIVERY DATE & TIME:      06/17/15   10:25 AM  BY: CO  SZKRED, J M

HEARING START DATE & TIME:  6/23/15  10:00 A  BY:  LT Simmons

HEARING END DATE & TIME:  6/30/15  10:18 A  BY:  LT Simmons

CHARGE
NUMBER    DESCRIPTION OF CHARGES            REPORTED BY          DISPOSITION

113.22    PROPERTY IN UNAUTH AREA       CO   COLLETTI, A S          NG

113.23    CONTRABAND                                               G

107.20    FALSE STATEMENTS OR INFO.                                G

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . $$ |
|---|---|---|---|---|---|---|---|
| E | Loss of Pkgs | 30 | 7/1/15 | 8/16/15 | | | |
| F | Comm | 30 | 7/17/15 | 8/16/15 | | | |
| U | Confiscation | | | | | | |

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES    PAGE   3
DISCIPLINARY  HEARING  DISPOSITION  RENDERED

DIN: 12B1626 NAME: FOX, JAVELL                  HEARING DATE: 6/30/15

SUPERINTENDENT HEARING DISPOSITION RENDERED

| CHARGE | DESCRIPTION OF CHARGE | 5 YEAR PRIORS | 10 YEAR PRIORS |
|---|---|---|---|
| 113.22 | PROPERTY IN UNAUTH AREA | 0 | 0 |
| 113.23 | CONTRABAND | 0 | 0 |
| 107.20 | FALSE STATEMENTS OR INFO. | 1 | 1 |

AT THE TIME OF THE HEARING, WAS THIS INMATE HOUSED IN A SHU CELL: ___ YES  X NO

X   THE SANCTIONS IMPOSED ARE WITHIN THE PUBLISHED GUIDLINES

OR

___  I HAVE IMPOSED SANCTIONS THAT HAVE DEPARTED UPWARD FROM THE PUBLISHED
GUIDLINES, FOR THE FOLLOWING REASON(S):

_____ OVERALL CLIMATE OF FACILITY
_____ SEVERITY OF OFFENSE
_____ LOCATION OF OFFENSE
_____ MANNER  OFFENSE WAS COMMITED
_____ RISK TO SECURITY
_____ RISK TO PERSONAL SAFETY
_____ PROPERTY DAMAGE - RESTITUTION
_____ DISCIPLINARY HISTORY
_____ OTHER - EXPLAIN: _____
_____

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED:  6/30/15

with Prern

_____    _____    6/30/15   10 B/A
HEARING OFFICER SIGNATURE    INMATE SIGNATURE       DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

_____ FOR TIER II HEARING - APPEAL TO SUPERINTENDENT WITHIN 72 HOURS

_____ FOR TIER III HEARING - APPEAL TO COMMISSIONER WITHIN 30 DAYS

# EXHIBIT I

# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department
### (APPEAL)

DOCKET NUMBER   CA 15-00574

JAVELL FOX, PLAINTIFF-RESPONDENT,

V

CITY OF UTICA, DEFENDANT-APPELLANT.

INDEX NO.: CA2012-002540

    The above-referenced appeal has been perfected and has been scheduled for the **OCTOBER** term of Court, which commences on **MONDAY, OCTOBER 19, 2015** and will be approximately 10 days in length. Counsel, or the parties, if not represented by counsel, will receive a notice to appear for oral argument not less than 20 days prior to the term, pursuant to section 1000.10 (e) of the Court's Rules.

    Pursuant to sections 1000.2 (d) and 1000.3 (e) of the Court's Rules, ten (10) copies of respondent's brief must be filed with proof of service of 2 copies of the brief on or before **MAY 13, 2015**. The time requested for oral argument, if any, must be noted on the upper right-hand corner of the brief. If no time is requested, the matter will be deemed submitted (*see*, 22 **NYCRR** 1000.11 [b] and [d]). If no respondent's brief will be filed, counsel or respondent, if not represented by counsel, shall notify this office in writing within thirty (30) days of service of appellant's brief (*see*, 22 **NYCRR** 1000.2 [d]). If the deadline set by this scheduling order cannot be met, a motion for an extension of time must be filed and served within (30) days of service of appellant's brief (*see*, 22 **NYCRR** 1000.13 [h]).

    Counsel or the parties, if not represented by counsel, must notify this office in writing within fifteen (15) days of the date that this scheduling order was mailed of unavailability for oral argument on a specific day or dates during the term (*see*, 22 **NYCRR** 1000.10 [c]).

    All papers filed and served in this matter shall bear the above-referenced Appellate Division docket number (*see*, 22 **NYCRR** 1000.4 [a] [3]; [f] [4]; 1000.13 [a] [5] [ii]).

    Please note that failure to comply with any provision of the Court's Rules, including the failure to comply with applicable deadlines, may result in the imposition of sanctions pursuant to section 1000.16 of the Court's Rules.

    This scheduling order constitutes the order of the Court.

Entered: April 9, 2015

**FRANCES E. CAFARELL, Clerk**

# EXHIBIT J

TO: Diane Labbate, steward                              (Ex Gi).
From: Javell FOX, 12B1626, SH 12-18
Date: 12-25-14

(EXD)

I received your letter Dated 12-23-14, I sent
you majority of the Advance forms and mail last
week, around the 17th and 18, first off, by you just
holding my mail you are slowing up my access to the
court, legal support and to statesmen, 2nd of all
if you weren't gonna mail out my mail why are you
holding it? and why are you waiting so long to inform me?
send me my mail, you should get this letter from me
on 12-26-14 which is friday at 10:00am on or around,
when you put the mail together to send to the population
Please add my mail with it, this is the second Dead-
line I have missed because your office is not processing.
or returning my mail in a expeditious manner.

MAIL THAT NEED TO BE RETURNED TO ME TODAY 12-26-14
ARE AS Follows:

1 Appellate Division Fourth Department Rochester N.Y.
2 Peter J DiGiorgio. Utica Newyork,
3 Oneida County District Attorney, Utica N.Y - (manilla envelope)
4 Prison legal services, Albany Newyork - (manilla envelope)
5 Governor Andrew Cuomo N.Y N.Y - (manilla envelope)
6 Commissioner of corrections, Albany N.Y (manilla envelope)
7 Iene Garcia, middletown N.Y
8 Javell Fox Jr (Ico sylvia smith) Rome N.Y
9 Talibra Harrison, Bronx N.Y
10 Bradi Mi yummi, Monticello N.Y so Please send my mail there,
I Have returned to southHA/l(12-18) so Please send my mail there,

cc File

Jawell Fox 11B16246 C-1-22

SHU

FishKill C.F

Box 1245

BEACON, NewYork 12508

United States Court of Appeals second circuit

Thurgood Marshall U.S Courthouse

40 Foley square

New York N.Y 10007

UNITED STATES
POSTAL SERVICE®

PRIORITY
★ MAIL ★

★ ★ ★
TRACKED
INSURED
★ ★ ★

For... and International Use

Label 107R, May 2014